Westlaw

Not Reported in N.E.2d
2002 WL 91272 (Ohio App. 2 Dist.), 2002-Ohio-280
**(Cite as: 2002 WL 91272 (Ohio App. 2 Dist.))**

Page 1

C
CHECK OHIO SUPREME COURT RULES FOR REPORTING OF OPINIONS AND WEIGHT OF LEGAL AUTHORITY.

Court of Appeals of Ohio, Second District, Montgomery County.

John A. MIKO, Plaintiff-Appellant,
v.
Delphi CHASSIS, Defendant-Appellee.

No. 18940.

Jan. 25, 2002.

Employee who was injured when coemployee backed forklift onto employee's foot and ankle brought intentional tort claim against employer. The Montgomery County Court of Common Pleas granted summary judgment in favor of employer, and employee appealed. The Court of Appeals, Wolff, P.J., held that employee did not establish intentional tort claim against employer, absent evidence that employer knew of a dangerous condition at its workplace and that employee's injury had been substantially certain to occur in light of that dangerous condition.

Affirmed.

West Headnotes

**[1] Appeal and Error ⇌893(1)**
30k893(1) Most Cited Cases

Appellate court's review of the trial court's decision to grant summary judgment is de novo.

**[2] Workers' Compensation ⇌2093**
413k2093 Most Cited Cases

To establish "intent" for the purpose of proving that an employer committed an intentional tort against its employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, or condition within its business operation; (2) knowledge by the employer that, if the employee is subjected by his employment to the dangerous process, procedure, or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances and with such knowledge, required the employee to continue to perform the dangerous task.

**[3] Workers' Compensation ⇌2093**
413k2093 Most Cited Cases

To establish intentional tort by employer, proof beyond that required to establish negligence or recklessness is required; where employer acts despite his knowledge of some risk, his conduct may be negligent, and as probability increases that particular consequences may follow, employer's conduct may be characterized as reckless, and as probability that consequences will follow further increases, and employer knows that injuries to employees are certain or substantially certain to result from the process and he still proceeds, he is treated by the law as if he had in fact desired to produce the results.

**[4] Workers' Compensation ⇌2093**
413k2093 Most Cited Cases

Mere knowledge and appreciation of a risk, something short of substantial certainty, is not "intent" for purposes of proving that employer committed an intentional tort against its employee.

**[5] Workers' Compensation ⇌2093**
413k2093 Most Cited Cases

Employee, who was injured when coemployee backed forklift onto his foot and ankle, did not establish intentional tort claim against employer, absent evidence that employer knew of a dangerous

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.



Not Reported in N.E.2d  
2002 WL 91272 (Ohio App. 2 Dist.), 2002-Ohio-280  
**(Cite as: 2002 WL 91272 (Ohio App. 2 Dist.))**

Page 2

condition at its workplace and that employee's injury had been substantially certain to occur in light of that dangerous condition.

[6] **Workers' Compensation** ⊆⇒2093  
413k2093 Most Cited Cases

Violation of a safety regulation does not, in itself, establish that injury was a substantial certainty for purposes of proving that employer committed an intentional tort against its employee.

Joseph E. Gibson, Atty. Reg. No. 0047203, Vandalia, OH, for plaintiff-appellant.

James G. Neary, Atty. Reg. No. 0022416, Dayton, OH, for defendant-appellee.

OPINION

WOLFF, P.J.

*1 John A. Miko appeals from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment in favor of his employer on an intentional tort claim.

The undisputed facts are that Miko was seriously injured on September 3, 1998, while working at Delphi Automotive Systems ("Delphi"), when another employee backed a forklift onto Miko's foot and ankle. He received workers compensation for his injuries. On September 5, 2000, Miko filed a complaint for personal injuries in which he alleged that Delphi had committed an intentional tort. His wife and children also filed claims for loss of consortium. Delphi filed a motion for summary judgment, and the trial court granted the motion.

Miko raises one assignment of error on appeal.
> THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS REASONABLE MINDS CAN DIFFER AS TO THE PRESENCE OF THE ELEMENTS OF AN EMPLOYER INTENTIONAL TORT IN THIS CASE.

Miko claims that summary judgment was inappropriate because reasonable minds could differ as to whether he had established the elements of an intentional tort.

[1] Our review of the trial court's decision to grant summary judgment is *de novo*. *Helton v. Scioto Cty. Bd. of Commrs.* (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46.

[2][3][4] An intentional tort by an employer against an employee is defined very narrowly where the employee is covered under Ohio's workers compensation laws. To establish "intent" for the purpose of proving that an employer committed an intentional tort against its employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, or condition within its business operation; (2) knowledge by the employer that, if the employee is subjected by his employment to the dangerous process, procedure, or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances and with such knowledge, required the employee to continue to perform the dangerous task. *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108, paragraph one of the syllabus, modifying *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph five of the syllabus. To establish an intentional tort by an employer, proof beyond that required to establish negligence or recklessness is required:
> Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure, or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.E.2d                                                                                                    Page 3
2002 WL 91272 (Ohio App. 2 Dist.), 2002-Ohio-280
**(Cite as: 2002 WL 91272 (Ohio App. 2 Dist.))**

results. However, the mere knowledge and appreciation of a risk--something short of substantial certainty--is not intent.
*2 *Fyffe,* 59 Ohio St.3d at 118, 570 N.E.2d 1108.

Miko claims that "reasonable minds can differ as to whether the Defendants committed an intentional tort by not installing safety lights and audible warning devices on the forklift in question." Accordingly, Miko was required to create a genuine issue of material fact as to whether: 1) Delphi knew that the use of its forklift on its dock was dangerous; 2) Delphi knew that if employees continued to work on the dock with the forklift in question, then harm to an employee was a substantial certainty; and 3) under such circumstances and with such knowledge, Delphi had forced Miko to continue to work on the dock. In its motion for summary judgment, Delphi contended that Miko had not satisfied any of these requirements.

Miko offered the following documentary evidence in opposition to Delphi's motion for summary judgment. Miko stated in an affidavit that he had not heard an alarm or seen flashing lights on the forklift before it hit him and that no backing alarm had been installed on the lift. The lift did have a steering wheel horn. Miko also stated that he did not know whether the driver of the forklift, Randy Asher, had had a license at the time of the accident. Miko stated his opinion that Delphi was "lax with [its] forklift training." Miko affied that the forklift had had two amber lights mounted on its upper framework that stayed on when the lift was in motion but did not flash, and he stated that Delphi had installed a flashing amber light and a backing alarm on the forklift after his accident. In a deposition, Miko admitted that, although he was a forklift operator himself, he had no idea when he had last driven the forklift involved in this accident and had no knowledge of whether the equipment on that lift was in working order on the day of the accident. Miko also stated that "some people" in the plant had expressed concerns about how fast Asher drove the forklift but that he did not know whether any of these people had ever reported their concerns to supervisors. Miko also admitted that he had never expressed such a concern to supervisors. Miko stated that, to his knowledge, no one else had been hit by a forklift at Delphi in his twenty years of working on and around forklifts.

Miko also submitted an affidavit from the forklift driver, Asher. Asher stated that he had had a license to operate the forklift at the time of the accident, that he had worked as a forklift driver for Delphi for four or five years, and that he had been periodically retrained "for the safety operation of the forklift trucks." Asher further stated that there had been two amber lights on the rear of the forklift at the time of the accident that stayed on while the forklift was operating but that there had been no backing alarm mounted on it. [FN1]

> FN1. In his appellate brief, Miko also claims that Delphi received an OSHA citation that related to the driver's conduct during this incident. We note, however, that no evidence regarding this violation was before the trial court, and thus we will not consider it.

[5] The trial court properly determined that the evidence offered by Miko had not created a genuine issue of material fact as to whether Delphi had committed an intentional tort because he had failed to establish the first two prongs of the *Fyffe* test, namely that Delphi knew of a dangerous condition at its workplace and that Miko's injury had been substantially certain to occur in light of that dangerous condition. Miko presented no evidence of any previous injuries to workers that were related to the adequacy of warning devices on the forklifts, the training of the forklift drivers, or the conduct of the forklift drivers. Indeed, he did not even present evidence that concerns about any of these issues had been brought to management's attention.

*3 [6] Moreover, although Miko claims that the forklift in question failed to comply with Ohio Administrative Code safety requirements at the time of the accident, he failed to offer documentary evidence in support of that claim. Ohio Adm.Code. 4121:1-5-13(C)(7), relating to workshops and factories, provides that "[a]ll motor vehicles operating within the confines of the owner's property shall be equipped with an audible or visual warning device, in an operable condition, activated at the operator's station." Miko apparently interprets this provision to require that forklifts have an audible or visual warning device that operates

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.E.2d                                               Page 4
2002 WL 91272 (Ohio App. 2 Dist.), 2002-Ohio-280
**(Cite as: 2002 WL 91272 (Ohio App. 2 Dist.))**

automatically when the vehicle is in reverse. The language of the Administrative Code does not support this interpretation, and Miko concedes that the forklift had been equipped with a steering wheel horn at the time of the accident. Further, we note that a violation of a safety regulation does not, in itself, establish that injury was a substantial certainty. See, *e.g., Spates v. Jones & Assoc.* (July 12, 1995), Montgomery App. No. 15057, unreported.

Based on our review of the record, we agree with the trial court's determination that a reasonable jury could not have concluded that Miko's injury was a substantial certainty. Accordingly, the trial court did not err in granting summary judgment in favor of Delphi.

The assignment of error is overruled.

The judgment of the trial court will be affirmed.

BROGAN, J. and YOUNG, J., concur.

2002 WL 91272 (Ohio App. 2 Dist.), 2002-Ohio-280

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.