Westlaw.

Not Reported in N.E.2d                                                                                           Page 1
1987 WL 14319 (Ohio App. 12 Dist.)
(Cite as: 1987 WL 14319 (Ohio App. 12 Dist.))

C
Only the Westlaw citation is currently available.

CHECK OHIO SUPREME COURT RULES FOR REPORTING OF OPINIONS AND WEIGHT OF LEGAL AUTHORITY.

Court of Appeals of Ohio, Twelfth District, Butler County.

DONNA JEAN LAPP, Administratrix of the Estate of CHARLES DAVID LAPP, Plaintiff-Appellant,
v.
PLANES MOVING & STORAGE, INC., Defendant-Appellee.

No. CA86-12-182.

July 20, 1987.

Andrew J. McMahon, Cincinnati, for plaintiff-appellant.

Lindhorst & Dreidame, Jay R. Langenbahn, Cincinnati, for defendant-appellee.

OPINION

JONES, Presiding Judge.

*1 This is an appeal of a summary judgment granted in favor of defendant-appellee, Planes Moving & Storage, Inc., in a wrongful death action filed by plaintiff-appellant, Donna Jean Lapp, the administratrix of the estate of Charles Lapp.

Appellee is in the business of packing, moving and storing household furnishings. On August 20, 1985, Lapp was employed by appellee and working at its Cincinnati, Ohio, facility where his duties as a laborer/helper involved the loading of cartons onto trucks. Richard Fish, a comployee, was backing a truck to the loading dock while Lapp was in the dock pit area. Fish indicated his intent to operate the truck in reverse by making visual contact, revving his engine three times, and using a helper to spot the vehicle to the dock. As Fish backed the truck to the dock, Lapp was crushed beneath the vehicle and suffered fatal internal injuries. [FN1]

Appellant applied for and received workers' compensation death benefits. On October 24, 1985, appellant filed her complaint, alleging that Lapp died because of appellee's 'intentional conduct.' On October 14, 1986, appellee filed its motion for summary judgment. In an opinion dated November 28, 1986, the trial court concluded that appellee's conduct was neither intentional nor committed with the belief or knowledge that Lapp's injuries and resulting death were substantially certain to occur. Judgment was granted in favor of appellee and appellant appeals in a timely fashion.

The sole assignment of error for our consideration claims that the trial court erred in granting appellee's summary judgment motion. Appellant submits that since appellee hired an employee, i.e., Fish, who had a poor driving record and was a proven menace as a vehicle operator, then reasonable minds could conclude that appellee knew that the accident and Lapp's death were substantially certain to occur. Appellant also takes the position that Fish knew that Lapp was behind the truck but nevertheless backed into Lapp, thereby demonstrating either an intent to injure Lapp or knowledge that such injuries were substantially certain to occur. Since Fish was acting as an employee of appellee, appellant argues that appellee should be liable for the tortious acts of its agent.

The issue we must decide is whether reasonable minds could reach different conclusions with respect to appellant's allegation that appellee committed an intentional tort. Civ. R. 56(C). The Ohio Supreme Court has recognized that the workers' compensation system does not preclude an employee from seeking damages at common law

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.E.2d                                                                                              Page 2
1987 WL 14319 (Ohio App. 12 Dist.)
**(Cite as: 1987 WL 14319 (Ohio App. 12 Dist.))**

against his employer for an intentional tort. Blankenship v. Cincinnati Milacron Chemicals (1982), 69 Ohio St. 2d 608, certiorari denied (1982), 459 U.S. 857, 103 S.Ct. 127. Furthermore, an injured employee's actual receipt of workers' compensation benefits does not preclude his pursuing an intentional tort action against his employer. Jones v. VIP Development Co. (1984), 15 Ohio St. 3d 90. Within the context of such an action, an intentional tort has been defined as '* * * an act committed with the intent to injure another, or committed with the belief that such injury is substantially certain to occur.' Id., paragraph one of the syllabus.

*2 Appellant argues that appellee is responsible for Fish's actions under the theory of respondeat superior and that summary judgment was improper since there is a genuine issue as to whether Fish's conduct constituted an 'intentional tort.' Appellant is correct in stating that an employer is liable for the wrongful acts of its employee while the latter is acting within the scope of his employment and performing the work of the former. Knecht v. Vandalia Medical Center, Inc. (1984), 14 Ohio App. 3d 129. It is equally clear that at the time of the accident, both Lapp and Fish were acting within the scope of their employment. We cannot, however, agree with appellant's assertion that a genuine issue exists as to whether Fish operated his vehicle with an intent to injure Lapp or that Fish knew or believed that injury was a substantially certain consequence of his conduct.

From the evidence before us, we can discern no facts which would support the contention that Fish deliberately backed his vehicle with the specific intent to injure Lapp. Fish took several precautionary actions to indicate to those behind him in the dock area, including Lapp, that he intended to back his vehicle to the dock. If Fish's intent was to harm a particular individual, he surely would not have warned his target and revealed his intent prior to operating the vehicle.

The supreme court has stated that:
> '* * * a specific intent to injure is not an essential element of an intentional tort where the actor proceeds despite a perceived threat of harm to others which is substantially certain, not merely likely, to occur. * * * The actor must know or believe that harm is a substantially certain consequence of his act before intent to injure will be inferred. The existence of this knowledge or intent on the part of the actor may be inferred from his conduct and surrounding activities.'

Jones v. VIP, supra, at 95.

Appellant takes the position that Fish backed his vehicle with knowledge of Lapp's presence in the pit area, and by doing so, Fish must have known that his actions were substantially certain to cause injury to any individual in or near the pit. Appellee's answers to appellant's interrogatories indicate that Fish was backing to a particular dock while Lapp was in the adjacent dock. Fish had no reason to believe Lapp or anyone else would place themselves in a position of danger by moving behind the vehicle as it approached the dock. Had Fish backed his vehicle without indicating his intent to do so or had operated the truck in such a manner as to demonstrate a total disregard for the safety of others, a genuine issue may exist as to whether such conduct reflects knowledge that injury is substantially certain to occur. However, Fish's conduct does not support an inference that he knew or believed that harm was a substantially certain consequence of his backing the truck to the dock.

While Fish's conduct may have been negligent or even reckless or wanton since he acted despite an appreciable or great risk, we cannot say that a genuine issue exists as to whether his actions involved the substantial certainty necessary to support intentional misconduct. Jones v. VIP, supra. We accordingly reject appellant's proposition that appellee should be held accountable for an intentional tort based upon the conduct of its employee when the record does not suggest or support a finding of intentional tort by that employee.

*3 Appellant's remaining argument claims that a genuine issue of fact exists with respect to whether appellee permitted an unsafe driver to operate its vehicles, thereby making injuries to other employees a substantially certain consequence. Appellant points to Fish's driving record, marked by several violations and suspensions, and suggests that had appellee properly investigated Fish's record, appellee would have been aware of Fish's

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.E.2d  
1987 WL 14319 (Ohio App. 12 Dist.)  
**(Cite as: 1987 WL 14319 (Ohio App. 12 Dist.))**

Page 3

poor driving habits and would not have permitted him to drive a company vehicle. By allowing Fish to drive, however, appellee made it substantially certain that injury would result from Fish's operation of the company vehicle.

There is no question that Fish has a less than stellar driving record. Fish was guilty of several moving violations and did have his license suspended several times, most of which resulted from his failure to conform to Ohio's Financial Responsibility Act. The evidence is equally clear, however, that Fish had a valid operator's license when he was hired on May 25, 1983, and also had a valid license on the date of the accident. There is no evidence that Fish's driving habits away from work ever affected his work-related driving. Appellant nevertheless argues that appellee should have investigated Fish's record prior to hiring him and should have conducted periodic checks after he was hired. The failure to do so, appellant argues, amounts to intentional conduct on appellee's part.

We cannot accept the argument that appellee's failure to initially investigate Fish's driving record and thereafter subject the same to periodic scrutiny was an intent to injure its employees or knowledge that harm was a substantially certain consequence of its actions. Nothing in the record suggests that Fish drove appellee's vehicles in an unsafe manner prior to this particular accident. Lapp's death is tragic and unfortunate and certainly cannot be taken lightly. However, the facts herein do not support a claim that the accident was 'intentional' as defined in Jones v. VIP, supra. The case at bar is the very type of accidental injury or death workers' compensation laws were designed to cover. See, Bakonyi v. Ralston Purina Co. (1985), 17 Ohio St. 3d 154. To allow this case to proceed as an 'intentional tort' action would be the ultimate unreasonable and ludicrous extension of that particular common law action. [FN2]

Summary judgment will be granted if there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and it appears that reasonable minds could come to but one conclusion based upon the evidence, such conclusion being adverse to the non-moving party, after viewing the evidence most strongly in favor of the party against whom the motion is made. Evely v. Carlon (1983), 4 Ohio St. 3d 163; Brown v. Sisters of Mercy (May 4, 1987), Butler App. No. CA86-10-148, unreported. We are satisfied that this standard has been met in the case at bar and accordingly uphold the trial court's summary judgment. Appellant's assignment of error is therefore overruled.

*4 Judgment affirmed.

HENDRICKSON and YOUNG, JJ., concur.

> FN1 These facts are derived from the pleadings and appellee's answers to appellant's interrogatories. Although appellant contends that it is unclear whether Lapp was the employee who was helping spot Fish's truck to the dock, and the employee with whom Fish made visual contact prior to backing, the interrogatories do indicate that Lapp was the only employee in the dock pit area when the accident occurred.

> FN2 Appellee argues that the recently enacted provisions of R.C. 4121.80 are applicable to this case. Having found insufficient evidence to support an intentional tort under the less rigorous definition of Jones v. VIP, supra, we see no reason to apply the intentional tort definition of R.C. 4121.80(G) to the case at bar. However, were we to do so, our result would be the same.

1987 WL 14319 (Ohio App. 12 Dist.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.