Westlaw.

Not Reported in N.E.2d
1991 WL 3815 (Ohio App. 6 Dist.)
(Cite as: 1991 WL 3815 (Ohio App. 6 Dist.))

Page 1

Only the Westlaw citation is currently available.

CHECK OHIO SUPREME COURT RULES FOR REPORTING OF OPINIONS AND WEIGHT OF LEGAL AUTHORITY.

Court of Appeals of Ohio, Sixth District, Lucas County.

James E. COWAN, Administrator of the Estate of James B. Cowan, Deceased,
Appellant,
v.
RUDOLPH LIBBE, INC. c/o Statutory Agent Frederick W. Rudolph, Appellee.

No. L-90-087.

Jan. 18, 1991.

Martin W. Williams, for appellant.

Glenn E. Wasielewski, for appellee.

*OPINION AND JOURNAL ENTRY*

HANDWORK, Presiding Judge.

*1 This case is an appeal from a final order of the Lucas County Court of Common Pleas issued February 9, 1990. Appellant filed a complaint in the trial court alleging that appellee committed an intentional tort against him. Appellant alleged that the intentional conduct of appellee constituted a knowing violation of health and safety regulations, and that appellee was consequently aware that the injury ultimately suffered by appellant was substantially certain to occur.

Appellee denied the pertinent allegations of the complaint and filed a motion for summary judgment. Appellant responded. The trial court ultimately granted appellee's motion and dismissed appellant's complaint. From that order appellant appealed, setting forth a single assignment of error:

"I. THE TRIAL COURT ERRIED [*sic*] IN GRANTING SUMMARY JUDGMENT TO THE APPELLEE."

The Supreme Court of Ohio, in the case of *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, has stated the requirements that must be met before a motion for summary judgment can be granted.

"The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

"The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment."

This court has carefully reviewed the record before it and the law which is pertinent to the undisputed facts. Contained therein is the carefully considered and well-reasoned opinion and judgment entry of the trial court. (See Appendix A.) We believe the trial court's understanding of the facts of this case, its application of the facts to the pertinent law, and the conclusions stated by the trial court are in all respects proper. We see no reason to further analyze this case and therefore adopt the opinion of the trial court as our own insofar as the discussion therein disposes of appellant's assignment of error.
To the extent that said opinion and judgment entry are concerned with the issue of striking exhibits from the appellant's memorandum in opposition to summary judgment, we do not adopt the trial court's

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.



Not Reported in N.E.2d                                                                                           Page 2
1991 WL 3815 (Ohio App. 6 Dist.)
**(Cite as: 1991 WL 3815 (Ohio App. 6 Dist.))**

opinion for purposes of ruling on the error assigned, as that issue has not been appealed. Accordingly, appellant's sole assignment of error is found not well-taken.

Having found that justice has been done the party complaining, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, it is ordered that appellant pay the court costs of this appeal.

*JUDGMENT AFFIRMED.*

HANDWORK, P.J., and ABOOD and KERNS, JJ., concur.

Judge JOSEPH D. KERNS, retired, sitting by assignment of the Chief Justice of The Supreme Court of Ohio.

APPENDIX A
IN THE COURT OF COMMON PLEAS OF
LUCAS COUNTY, OHIO
James E. Cowan, Admr., Plaintiff,
vs.
Rudolph-Libbe, Inc., et al., Defendants.
Case No. 88-2509
Feb. 9, 1990.
OPINION AND JUDGMENT ENTRY

*2 This cause is before the Court on a motion for summary judgment of the defendant Rudolph-Libbe, Inc. ("Rudolph-Libbe"). Upon consideration of the memoranda of counsel, affidavits, and the applicable law, this Court finds the motion well-taken and granted.

*I.*

The facts of this case are undisputed. The plaintiff's decedent, James B. Cowan ("Mr. Cowan"), was employed by Rudolph-Libbe as a roofer. On October 6, 1984, while installing a sheet metal roof, Mr. Cowan inadvertently stepped on an unsecured section, fell to the ground, and ultimately died. Subsequently, plaintiff filed the present intentional tort action on behalf of Mr. Cowan against Rudolph-Libbe.

Rudolph-Libbe, in its motion for summary judgment, argues that it had no knowledge that Mr. Cowan's injury was substantially certain to occur since no Rudolph-Libbe employee had complained about the safety conditions of the project and there were no prior accidents reported. In addition, based on *Barnes v. Seabloom Roofing & Sheet Metal, Inc.* (Sept. 21, 1988), Lucas C.P. No. 86-2346, unreported, Rudolph-Libbe claims its failure to supply safety equipment is insufficient proof of the required intent.

Plaintiff argues in opposition that reasonable minds could differ as to whether Rudolph-Libbe had knowledge to a substantial certainty that injury or death would occur as a result of the lack of safety equipment on the roofing job. According to the plaintiff, it is blatant to anyone that if an employee does a misstep while working on a 32-foot-high roof that injury or death is substantially certain to occur. In support, the plaintiff attached: (1) photographs of the roofing project which demonstrate the narrow iron supports the employees were required to walk on and (2) the OSHA citation levied against Rudolph-Libbe as a result of Mr. Cowan's accident.

Rudolph-Libbe filed a motion to strike the photographs and the OSHA citation from the record documents pursuant to Rule 56(C).

*II.*
This Court must first determine whether the photographs and OSHA citation attached to the plaintiff's memorandum in opposition can be considered. Civ.R. 56(C) places limitations on the type of evidence which the Court is to consider in determining the efficacy of a motion for summary judgment:

Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *No evidence or stipulation may be considered except as stated in this rule.* (Emphasis added).

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.E.2d  
1991 WL 3815 (Ohio App. 6 Dist.)  
**(Cite as: 1991 WL 3815 (Ohio App. 6 Dist.))**

Page 3

The plaintiff merely attached the photographs and OSHA citation to its memorandum in opposition without further explanation in an accompanying affidavit. Moreover, the motion to strike has no bearing on the final ruling of the case since the photographs and OSHA citation fail to create a genuine issue of material fact. Thus, for purposes of cleaning up the pending motion, this Court hereby grants Rudolph-Libbe's motion to strike.

*3 The issue for consideration by this Court is whether Rudolph-Libbe had knowledge to a substantial certainty that injury to Mr. Cowan would occur as a result of its failure to provide safety equipment at the roofing project.

In *Blankenship v. Cincinnati Milacron Chemicals, Inc.* (1982), 69 Ohio St.2d 608, paragraph one of the syllabus, certiorari denied (1982), 459 U.S. 857, the court held that the Ohio Workers' Compensation Act did not bar an employee from suing his or her employer for an intentional tort. An intentional tort was defined by the Ohio Supreme Court as "an act committed with the intent to injure another, or committed with the belief that such injury is substantially certain to occur." *Jones v. VIP Development Co.* (1984), 15 Ohio St.3d 90, paragraph one of the syllabus. The court further defined knowledge to a substantial certainty by promulgating a three-part test in *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100. The *Van Fossen* court held that employer knowledge to a substantial certainty must be demonstrated by the following:

(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation;

(2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty and not just a high risk; and

(3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.

*Id.* at paragraph five of the syllabus. [FN1]

The focus of an intentional tort action is on the knowledge of the employer that a risk of injury existed and that injury was substantially certain to occur. In the instant case, the plaintiff alleges that the OSHA regulation requiring certain safety equipment on projects above 25 feet made Rudolph-Libbe aware of the dangerous condition and, since such equipment was not supplied, Rudolph-Libbe recognized that injury was substantially certain to occur.

Pursuant to a previous opinion by this Court, the employer's failure to supply safety equipment is insufficient proof of the required intent. *Barnes, supra.* The facts in *Barnes* are almost identical to those in the instant case. The injured parties in both cases were trained and experienced roofers who were injured while working on a roofing project for their respective employers. Contrary to the instant case in which there is no evidence of a prior OSHA citation, the employer in *Barnes* was previously cited by OSHA for failure to supply safety equipment and the plaintiff in *Barnes* had requested but was denied safety equipment. Thus, although the employer in *Barnes* had a higher degree of actual knowledge of the risk than in the instant case, this Court granted the employer's motion for summary judgment.

Even if Rudolph-Libbe was aware that a dangerous condition existed, "[m]ere knowledge and appreciation of a risk * * * falls short of substantial certainty and does not by itself establish intent." *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 191. Rudolph-Libbe must also have acted beyond recklessness to a point where injury was substantially certain to occur. *Van Fossen, supra,* at paragraph 6 of the syllabus.

*4 The evidence in this case does not support the plaintiff's contention that Rudolph-Libbe knew to a substantial certainty that Mr. Cowan would be injured as a result of failure to provide safety equipment. According to the affidavit of Michael Durso, a co-worker of Mr. Cowan with 36 years of experience, the method used by Rudolph-Libbe to install the metal roof sheeting is common in the industry. (Durso Affidavit, paragraph 8). Mr. Durso also stated, along with Safety/Service Manager Donald Brumback, that none of the employees had complained of unsafe conditions at

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.E.2d                                                                                      Page 4
1991 WL 3815 (Ohio App. 6 Dist.)
**(Cite as: 1991 WL 3815 (Ohio App. 6 Dist.))**

the project nor were there prior accidents of a similar nature. (Durso Affidavit, paragraphs 10 and 13; Brumback Affidavit, paragraphs 9 and 10). Moreover, none of the employees, including Mr. Cowan, requested safety equipment. (Brumback Affidavit, paragraph 10). Thus, these roofers, who were in the best position to know the extent of the danger involved, did not deem the risk sufficient to warrant safety equipment.

Construing the evidence most strongly in favor of Mr. Cowan, this Court is compelled to find that reasonable minds could only conclude that Rudolph-Libbe did not have knowledge to a substantial certainty that injuries would occur as a result of the lack of safety equipment at the roofing job. Accordingly, Rudolph-Libbe is entitled to summary judgment as a matter of law.

### JUDGMENT ENTRY

It is hereby ORDERED, ADJUDGED and DECREED that the motion for summary judgment filed by Rudolph-Libbe, Inc. is found well-taken and granted. It is further ORDERED that Counts One and Two of plaintiff's complaint are dismissed with prejudice at plaintiff's cost.
  Melvin L. Resnick, Judge

> FN1. The new definition of "substantially certain" as "deliberate intent" set forth in R.C. 4121.80(C)(1) may not be applied retroactively to a cause of action which accrued prior to August 22, 1986. *Van Fossen, supra,* at 109. The present action accrued on October 6, 1984, which is prior to August 22, 1986; therefore, the "substantially certain" test of *Van Fossen* shall be applied.

1991 WL 3815 (Ohio App. 6 Dist.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.