## 89-LW-3404 (1st)

Roberto OSONA, Plaintiff-Appellant,

v.

ART WOODWORKING & MANUFACTURING COMPANY, Defendant-Appellee,

and The Newman Machine Company, Inc., Defendant.

No. C-880521.
1st District Court of Appeals of Ohio, Hamilton County.
Decided on August 16, 1989.

Civil Appeal from: Court of Common Pleas.

Richard L. Katz, Cincinnati, for plaintiff-appellant, Roberto Osona.

R. Gary Winters, Cincinnati, for defendant-appellee, Art Woodworking & Manufacturing Company.

PER CURIAM

This cause came on to be heard upon the appeal, the transcript of the docket, the journal entries, the original papers from the Hamilton County Common Pleas Court, and the briefs, oral argument having been waived. We have sua sponte removed this case from the accelerated calendar.

Plaintiff-appellant, Roberto Osona, appeals from the trial court's order granting his employer's motion for summary judgment upon his claim for an intentional tort. In his single assignment of error plaintiff contends that the trial court erroneously granted summary judgment contrary to Civ.R. 56 because genuine issues of material fact exist. The assignment of error is not well taken.

Defendant-appellee, Art Woodworking & Manufacturing Company (Art Woodworking), produces industrial, commercial and residential woodworking products. On September 4, 1984, it employed plaintiff, who was then thirty-six years old and who had immigrated to this country from Argentina in 1982. His duties as an apprentice machine operator required him to operate a power hammer, staple gun, drill, joiner, router, and circular and table saws.

On July 15, 1985, the shop foreman instructed plaintiff to cut vertical rails on wainscot paneling by using a tenoner, which plaintiff had not used before. A tenoner has two circular saw blades attached to a frame at one side of a moveable table. The operator places wood secured with pneumatic rams on the moving table with one end facing the blade. The operator then pushes or pulls the table so that the wood passes through the blade, making the desired cut.

Plaintiff operated the tenoner for an entire day. The next day, plaintiff informed the shop foreman that the tenoner blade was splintering the wood. To avoid splintering, the foreman showed plaintiff how to use the tenoner in "reverse cut" or "climb cut," requiring plaintiff to pull the table towards him instead of pushing it through the blade. While using the climb-cut procedure as instructed, plaintiff amputated three fingers when his left hand made contact with the blade.

Plaintiff maintains that the undisputed facts are prima facie evidence of an intentional tort because: (1) he had limited ability to communicate in English; (2) the employer failed to provide any

EXHIBIT I

http://www.lawriter.net/cgi-bin/texis/web/ohunrep80/+dQeRuRFexxbnmeIdxf8eHxwww/...

safety training; (3) it was plaintiff's first experience with a tenoner; (4) the tenoner had no guard, contrary to Ohio Adm.Code 4121:1-5-09(H), of which the employer admitted he had no knowledge; and (5) the foreman failed to give plaintiff adequate instructions on how to operate the tenoner in climb cut. In support of these factual assertions and in opposition to the motion for summary judgment, plaintiff also submitted the affidavits of two mechanical engineers, one of whom was of the opinion that the manufacturer defectively designed the thirty-year-old tenoner by failing to provide a guard. Both of plaintiff's experts also opined that because of the proximity of plaintiff's hand and arm to the unguarded blade in climb cut, injury was substantially certain to occur.

Since plaintiff's injury occurred before enactment of R.C. 4121.80(G), his intentional tort claim is governed by Van Fossen v. Babcock & Wilcox Co. (1988), 36 Ohio St.3d 100, 552 N.E.2d 489, and its progeny. In Van Fossen the Supreme Court announced its purpose to distinguish a negligent act from an intentional tort, subject to earlier contradictory interpretations of intent contained in 1 Restatement of the Law 2d, Torts (1965) 15, Section 8(A), and the failure of Jones v. VIP Development Co. (1984), 15 Ohio St.3d 90, 472 N.E.2d 1046, to require a specific intent to injure in requiring only that "the actor proceeds despite a perceived threat of harm to others which is substantially certain, not merely likely, to occur." Id. at 95, 472 N.E.2d at 1051. The fifth and sixth paragraphs of the syllabus of Van Fossen state:

Within the purview of Section 8(A) of the Restatement of the Law 2d, Torts, and Section 8 of Prosser & Keeton on Torts (5 Ed.1984), in order to establish "intent' for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty and not just a high risk; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. Where the risk is great and the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk^something short of substantial certainty^is not intent. (Blankenship v. Cincinnati Milacron Chemicals, Inc. [1982], 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572; and Jones v. VIP Development Co. [1984], 15 Ohio St.3d 90, 15 OBR 246, 472 N.E.2d 1046, explained.)

Proof of these elements may be by circumstantial evidence. If an employee can establish that the employer was aware of the risk ultimately causing the injury and that the injury was substantially certain to occur as a result of that risk, an inference can be drawn that the employer appreciated the risk of harm giving rise to a substantial certainty of injury. See Kunkler v. Goodyear Tire & Rubber Co. (1988), 36 Ohio St.3d 135, 522 N.E.2d 477.

Under pre-R.C. 4121.80 standards, whether a claim for an employer's intentional tort exists is determined on a case-by-case basis. Id. The burden to demonstrate that the employer had knowledge equivalent to substantial certainty that an injury would take place remains at all times with the employee. Pariseau v. Wedge Products, Inc. (1988), 36 Ohio St.3d 124, 522 N.E.2d 511. In Sanek v. Duracote Corp. (1989), 43 Ohio St.3d 169, 172, --- N.E.2d ----, ----, the Supreme Court identified the crucial factor relative to the employer's intent as follows:

The focus of an intentional tort action under the standards set forth in <u>Blankenship</u>, <u>Jones</u> and <u>Van Fossen, supra,</u> is on the knowledge of the employer regarding the risk of injury. The plaintiff has the burden of proving by a preponderance of the evidence that the employer had "actual knowledge of the exact dangers which ultimately caused' injury. <u>Van Fossen, supra</u>, at 112, 522 N.E.2d at 501 (criticizing <u>Serna v. Statewide Contractors, Inc.</u> [1967], 6 Ariz.App. 12, 429 P.2d 504).

In the case <u>sub judice</u> the uncontradicted testimony in the depositions ®1⁻ of the employer's vice-president and owner and the foreman establishes that: (1) plaintiff's injury on the tenoner was the first in almost thirty years for Art Woodworking; (2) "climb cut" is a recognized procedure used by power tool operators in the woodworking industry; (3) after the plaintiff was injured, his foreman spent the entire following day completing the job by the climb-cut procedure; and (4) Art Woodworking, which was periodically inspected by OSHA and the Industrial Commission, was never cited for a violation or ordered to provide a guard for the tenoner.

Plaintiff points to the opinion of his experts as proof of Art Woodworking's knowledge of a dangerous process in its business. However, Art Woodworking correctly maintains that the affidavits do not contain admissible facts upon which to conclude that the experts had personal knowledge of the employer's awareness at the time of plaintiff's injury, as required by Civ.R. 56(E). Furthermore, while the experts may render an opinion upon the ultimate issue pursuant to Evid.R. 704, it is within the trial court's discretion to refuse to admit such opinion testimony if it is within the common knowledge of the jury and is not essential because the jury can come to the correct conclusion without it. <u>Bostic v. Connor</u> (1988), 37 Ohio St.3d 144, 524 N.E.2d 881. Therefore, one can reasonably conclude that the employer's knowledge is factually a matter within the common knowledge of the trier of fact, and that the trial judge did not abuse his discretion in disregarding the expert opinion pertinent to this particular issue in considering the motion under Civ.R. 56.

Upon review of the admissible facts in the record, the conclusion in <u>Sanek v. Duracote Corp., supra,</u> is equally applicable since Art Woodworking's actions simply did not expose plaintiff to a level of risk so egregious as to constitute an intentional tort. An absence of evidence that the employer intentionally removed legally mandated safety guards distinguishes the case <u>sub judice</u> from our decision in <u>Kaaz v. Louvers and Dampers, Inc.</u> (June 1, 1988), Hamilton App. No. C-870589, unreported. As the Supreme Court said in <u>Van Fossen, supra</u> at 117, 522 N.E.2d at 504-505:

There are many acts within the business or manufacturing process which involve the existence of dangers, where management fails to take corrective action, institute safety measures, or properly warn the employees of the risks involved. Such conduct may be characterized as gross negligence or wantonness on the part of the employer. However, in view of the overall purposes of our Workers' Compensation Act, such conduct should not be classified as an "intentional tort' and therefore an exception, under <u>Blankenship</u> or <u>Jones</u>, to the exclusivity of the Act.

In <u>Harless v. Willis Day Warehousing Co.</u> (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47, the Supreme Court of Ohio held:

The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

In presenting a motion for summary judgment, the moving party must prove that no genuine issue of

fact remains for trial. When the moving party has met its burden, the opposing party must take affirmative action to defeat the motion by showing a genuine issue for trial. Celotex Corp. v. Catrett (1986), 477 U.S. 317, 106 S.Ct. 2548; Benjamin v. Deffet Rentals (1981), 66 Ohio St.2d 86, 419 N.E.2d 883.

Although plaintiff would successfully prevail on the motion under Jones, supra, and specifically Gains v. City of Painesville, 15 Ohio St.3d at 96-7, 472 N.E.2d at 1052, reported therein, the undisputed material facts in the case sub judice, construed most strongly in favor of plaintiff, do not allow reasonable minds to conclude that the first prong of the three-prong test subsequently promulgated in Van Fossen, supra, was met.

Accordingly, the trial court's order granting the summary judgment for Art Woodworking is affirmed.

SHANNON, P.J., and KLUSMEIER and GORMAN, JJ., concur.

Footnote 1. An unsigned copy of the depositions of Ronald W. Jackson, a foreman, of Mitchell Barger, a foreman, and of Ralph Raymond Dickman, owner of Art Woodworking, have been filed in support of the summary judgment. Although defective in form, the defect as to each is waived because plaintiff did not move to suppress any of them. Civ.R. 32(D)(4); Cooley v. Bd. of Edn., Deer Park Community Schools (Apr. 9, 1986), Hamilton App. No. C-850350, unreported.

© Lawriter Corporation. All rights reserved.

The Casemaker™ Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.