IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **HENRY L. WILLIAMS,** | ) | Case No. C-1-02-533 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Beckwith |
| | ) | |
| **MILTON CAN COMPANY, INC.,** and | ) | |
| **BWAY MANUFACTURING, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION *IN LIMINE* AND DAUBERT MOTION TO EXCLUDE TESTIMONY OF GEORGE L. SMITH

Defendants Milton Can Company and BWAY Manufacturing, Inc. (collectively, "Defendants" or "BWAY"), through undersigned counsel, hereby respectfully move this Court for an order *in limine* excluding the proposed expert opinions of George L. Smith, Plaintiff's safety consultant. Defendants submit the attached Memorandum to show that Mr. Smith's speculative, unreliable and irrelevant testimony concerning Defendants' knowledge of safety risks within its own facility fails to meet the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and the Federal Rules of Evidence 401, 402, 403, 701 and 702. As a result, this testimony should be barred.

Respectfully submitted,

_____
J. L. Sallee, Jr. (0030437)
David D. Black (0063715)
DINSMORE & SHOHL LLP
Suite 1900
255 East Fifth Street
Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax: (513) 977-8141

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION *IN LIMINE* AND DAUBERT MOTION
TO EXCLUDE PLAINTIFF'S EXPERT, GEORGE L. SMITH**

**I.    PRELIMINARY STATEMENT**

Plaintiff claims an intentional tort was committed against him by his employer, BWAY. Therefore, the only factual issue presented to the jury is what BWAY actually knew on July 29, 2000, the date of Plaintiff's accident. The jury, as the trier of fact, simply does not need an expert without first-hand information to assist it in determining BWAY's state of knowledge on this date.

Plaintiff, Henry L. Williams, was injured in the course and scope of his employment with BWAY on July 29, 2000. On this date, Plaintiff was hit by a forklift operated by a co-worker, Mr. Robert Francia. Mr. Francia accidentally backed his forklift into Plaintiff as Plaintiff was refueling his own forklift. Defendants have paid benefits for Plaintiff's injuries through the Ohio worker's compensation system. While there is no dispute that Plaintiff was injured and entitled to worker's compensation benefits, there is no evidence that BWAY *intended* to cause Plaintiff any injury. BWAY believes there is no credible evidence that the accident was substantially certain to occur given its exemplary forklift safety record and its progressive discipline policy designed to caution forklift operators to drive safely. Nonetheless, Plaintiff subsequently brought this lawsuit alleging that his injuries were the result of an intentional tort committed by Defendants.

In an attempt to compensate for a lack of evidence, Plaintiff proffers George L. Smith, a safety consultant, to opine that Defendants' actions[1] meet the requisite elements of an intentional tort. However, Mr. Smith's mere recitation of fact witness deposition testimony, without offering any scientific, technical or specialized knowledge supporting his opinions, is not beyond

---

[1] Mr. Smith's Report is attached hereto as Exhibit C.

the competence of the jury, and only serves as irrelevant, unreliable, and speculative testimony. Mr. Smith's report is nothing more than his unqualified legal conclusions and presumptive findings as to what BWAY knew at the time of Plaintiff's accident. Accordingly, Mr. Smith's opinions, in their entirety, should be excluded.

## II.    STANDARD OF ADMISSIBILITY

Although Rule 702 of the Federal Rules of Evidence permits the use of expert testimony to determine a fact in issue, trial judges are required to act as "gatekeepers" for expert witness testimony to "ensure that any and all scientific testimony… is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993); *see also Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 250 (6th Cir. 2001). As the Sixth Circuit, following and interpreting *Daubert*, explained: "The first and universal requirement for the admissibility of expert opinion testimony is that the evidence must be reliable and relevant." *Cook v. American Steamship Co.*, 53 F.3d 733, 737-38 (6th Cir. 1995) (quoting *Daubert*).[2] The proponent of the expert testimony has the burden of proving, by a preponderance of the evidence, that his expert witness is qualified to testify to the issues presented, and that his testimony is otherwise admissible. *Daubert*, 509 U.S. 579 (1993).

Therefore, when faced with a proffer of expert testimony, a trial judge must make a preliminary finding that the theory which is the basis for the expert's opinion is indeed "scientific, technical or… specialized knowledge." *See Cook*, 53 F.3d at 738. This reliability inquiry should focus on the expert's methodology used to reach his opinion. *Smelser v. Norfolk Southern Railway Co.*, 105 F.3d 299, 303 (6th Cir. 1997), *cert. denied*, 522 U.S. 817 (1997).

---

[2]  The Supreme Court has specifically held that the standards for admitting expert scientific testimony delineated in *Daubert* apply equally to non-scientific experts as well. *See Kumho Tire Co., Limited v. Car Michael*, 526 U.S. 137, 152, (1999); *see also Cook*, 53 F.3d at 737-40; *see also State of Ohio v. Louis Trauth Dairy, Inc.*, 925 F.Supp. 1247, 1250 (S.D. Ohio 1996).

3

"An expert opinion that is based on scientifically valid principles will satisfy Fed. R. Evid. 702; an expert's subjective belief or unsupported speculation will not." *Id.* at 303 (citing *Daubert, on remand*, 43 F.3d at 1316).

Next, the Court must ensure that the proposed testimony is relevant to the issues of the present case. *Smelser*, 105 F.3d at 303. "Relevant evidence" means evidence having the tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable. Fed. R. Evid. 401. This inquiry involves an examination of the expert's qualifications to see if he has the requisite training and experience which relate to the subject matter of the proposed testimony. *Smelser*, 105 F.3d at 303. Even properly qualified expert testimony is inadmissible if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence. Fed. R. Evid. 403.

In reviewing Mr. Smith's proffered expert opinion regarding Defendants' state of knowledge on July 29, 2000, it becomes clear that Mr. Smith's opinions are neither reliable nor relevant to assist the jury in this matter, and therefore must be excluded.

### III.    MR. SMITH'S OPINIONS ARE INADMISSIBLE

#### A.    Mr. Smith's Opinions Are Inadmissible Because They Are Not Based Upon Scientific, Technical or Other Specialized Knowledge

As a general rule, witnesses are not permitted to express an opinion unless they possess certain scientific, technical or other specialized knowledge which would be helpful to the trier of fact. Fed. R. Evid. 701, 702. Where it appears that an expert's "opinion" is not based upon admissible facts and scientific analysis, but rather is merely the witness' own subjective belief, that testimony should be excluded. *Daubert*, 509 U.S. at 599.

4

In *Sizemore v. Dresser Industries, Inc.*, No. 9-88-55, 1990 WL 252221 (Ohio App. 3 Dist.) (Dec. 28, 1990) (attached as Exh. A), the court excluded an affidavit of a purported safety expert in an employer intentional tort case because it contained only legal conclusions. The court explained that the affidavit submitted by the plaintiff's expert, Mr. Anthony Rago, was not admissible to show the employer's knowledge:

> In application to the case *sub judice*, we conclude that Rago's affidavit offers absolutely no evidence based upon scientific, technical, or specialized knowledge which will assist the trier of fact to understand the evidence.... Rather, Rago's affidavit offers his opinion as to the ultimate issue based upon [plaintiff's] testimony.
>
> \* \* \*
>
> It is apparent that Rago's affidavit is not based upon his inspection of the crane and technical conclusions derived therefrom but rather from the testimony of appellant. Rago's affidavit does not offer any scientific, technical, or other specialized knowledge... Rather, his affidavit constitutes a series of ultimate conclusions none of which are based upon his area of expertise.

*Sizemore*, 1990 WL 252221 at \*6; *see also Wesley v. Northeast Ohio Regional Sewer Dist.*, No 69008, 1996 Ohio App. LEXIS 627, (Ohio App. 8 Dist.) (Feb. 22, 1996) (attached as Exh. B).

As in *Sizemore,* Mr. Smith's affidavit is offered as an opinion on the ultimate issue before this Court. His "opinions" are based *only* upon the review of deposition testimony of fact witnesses, and not upon an independent, scientific or technical analysis. *See* Smith Affidavit at ¶¶ 3, 7-9 (attached as Exh. C). Mr. Smith never spoke directly with Plaintiff, nor any of Plaintiff's co-workers, supervisors or managers. He did not participate in the investigation of Plaintiff's accident. In fact, Mr. Smith never even visited the facility where Plaintiff's injuries occurred. In other words, Mr. Smith does not possess any personalized knowledge of the events giving rise to Plaintiff's injuries that would assist the trier of fact in this matter.

Further, Mr. Smith does not possess *any* scientific, technical or other specialized knowledge which would be helpful to the jury to establish Defendant's state of knowledge. The only "knowledge" that would assist the jury in this matter is first-hand knowledge. Because Mr. Smith lacks personal experience with Defendants, his opinions are merely a "series of ultimate conclusions [about BWAY's knowledge], none of which are based on his area of expertise." The jury is the ultimate finder of fact, not Plaintiff's expert. As such, Mr. Smith's opinions are inadmissible and must be excluded.

### B.  Mr. Smith's Opinions Are Inadmissible Because They Relate to Matters Within the Competence of the Jury

An expert's testimony assists the trier of fact *only* if it relates to matters "beyond the ken" of the ordinary person. *State v. Koss*, 49 Ohio St.3d 213, 216 (1990) (expert testimony is not admissible "when such knowledge is within the ken of the jury"); *State v. Buell* (1980), 22 Ohio St.3d 124, 131 (expert testimony is admissible if the subject is "sufficiently beyond common experience), *cert. denied*, 479 U.S. 871 (1986); *State v. Thomas (1981)*, 66 Ohio St.2d 518, 521 (expert testimony is inadmissible if the subject is not "beyond the ken of the average lay person").

In *Smith v. Freeman*, the court held that Plaintiff's proffered expert opinion that merely drew simple conclusions from other admitted testimony invaded the province of the jury. *Smith*, No. 962, 1983 Ohio App. LEXIS 14568 at * 5 (Ohio App. 4 Dist.) (Nov. 21, 1983) (attached as Exh. D). Because Plaintiff's expert in *Smith* did not contribute any technical knowledge beyond the competence of the jury, such expert opinion testimony was properly excluded. *Id.* at *5; *see also Wesley*, 1996 Ohio App. LEXIS 69008 at *12 (attached as Exh. B).

Just like in *Smith*, Plaintiff's expert, Mr. Smith, offers nothing more than a summary of fact witness testimony to reach his ultimate opinions in this matter. *See* Smith Affidavit at ¶¶ 3,

6

7-9 (attached as Exh. C). Mr. Smith does not offer any specialized or technical knowledge to aid the jury in understanding the testimony. Rather, he merely draws simple conclusions from the deposition testimony of Plaintiff's co-workers. Certainly, the jury is fully able to draw their own conclusions from such fact witness testimony. Consequently, Mr. Smith's expert opinion should be excluded.

### C.  Mr. Smith's Legal Conclusions Are Inadmissible Because They Are Not Relevant to the Issue in this Case.

Evidence which is not relevant is not admissible. Fed. R. Evid. 402. "Relevant evidence" means evidence having the tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable. Fed. R. Evid. 401.

Mr. Smith offers no evidence which makes the existence of any material fact more or less probable. The *only* issue before the Court is whether BWAY possessed the requisite knowledge to be held liable for an intentional tort. This is simply not an area where expert testimony is appropriate. No expert can offer relevant testimony as to someone else's awareness without first-hand knowledge himself. The only appropriate individual to testify on this issue is a fact witness with personal information as to BWAY's state of knowledge on July 29, 2000. The "knowledge" element of an intentional tort simply cannot be imputed to the employer by a witness claiming to be an expert.[3]

A court must determine whether expert's qualifications relate to the subject matter of the proposed testimony in order for the testimony to be deemed relevant. *Smelser*, 105 F.3d at 303. Though Mr. Smith is proffered as a "safety consultant," he establishes no relevant experience, training or qualifications with regard to forklift safety and operations. Further, Mr. Smith possesses no direct experience, knowledge or training with Defendants' facility or the employees

---

[3] That is, unless the expert can show that as a result of his technical or scientific training he has become clairvoyant. *Cf.*, *Union Pacific R.R. v. Chicago and N.W. Ry.*, 226 F.Supp. 400, 409 (E.D. Ill 1964).

therein. Because Mr. Smith does not possess any first-hand knowledge of the facts in this matter, he is not qualified to proffer an opinion, thereby rendering his affidavit irrelevant. Mr. Smith's conclusions are based solely on second-hand information gathered from deposition transcripts and photographs. Smith Affidavit at ¶¶ 3, 4 (attached as Exh. C). He did not even take the opportunity to personally interview any fact witnesses, nor visit the location of Plaintiff's accident. This selective summary of fact witness testimony, without any other qualified experience, is irrelevant to the issue before the jury. As such, his opinions should be excluded.

Finally, Mr. Smith admits that there is "no testimony that any supervisor specifically directed [Plaintiff] to drive his fork truck to the dock to refuel it..." *See* Smith Affidavit at ¶ 9 (attached as Exh. C). With this admission, Mr. Smith offers no relevant opinion as to the third element necessary to prove an intentional tort. Rather, his fruitless attempt to piece together second-hand information does not make a fact at issue more or less probable. Therefore, his opinion is irrelevant and should be excluded as a matter of law.

    D.    **<u>Mr. Smith's Opinions Are Inadmissible Because Their Probative Value is Substantially Outweighed by the Danger of Undue Prejudice to BWAY.</u>**

Even if this Court were to find Mr. Smith qualified to render an opinion, which Defendant strongly disputes, his opinions are still inadmissible because their probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues or misleading the jury, and by considerations of undue delay, waste of time or needless presentation of cumulative evidence. Fed. R. Evid. 403.

As shown above, Mr. Smith's opinions are not based upon any specialized or technical knowledge from which the jury can better assess the testimony before them. Therefore, his

second-hand summary of fact witness testimony not only raises the danger of confusing the issues before the jury, but also wastes time by presenting cumulative evidence.

Furthermore, expert witnesses have the potential to be "both powerful and quite misleading." *See Daubert*, 509 U.S. at 595. Expert witness testimony has the potential for prejudicial error because jurors might ascribe excessive, unwarranted weight to the testimony simply because it is the opinion of an expert. *See* 1 Weissenberger, OHIO EVIDENCE (1993) 17, § 403.5. Therefore, BWAY is unduly prejudiced by allowing Plaintiff to present his legal conclusions in the guise of an expert. As such, Mr. Smith's opinions should be barred.

## IV.    CONCLUSION

The Plaintiff is desperate to lend credibility to his case and attempts to do so by naming an "expert" safety consultant. Unfortunately, the facts of this case do not lend themselves to the assistance of any expert to determine what BWAY did, or did not, know at the time Plaintiff suffered his injuries. Witnesses with personal knowledge are more than capable of testifying to the facts. The jury, as the trier of fact, is more than capable of listening to these witnesses and drawing its own conclusions. Testimony by Plaintiff's "expert" on these matters will not aid the Court or the jury, and, will be highly prejudicial to Defendants. As such, BWAY respectfully requests that this Court exclude Mr. Smith's affidavit and further preclude him from testifying as to the opinions and conclusions contained in therein.

Respectfully submitted,

/s/ David Black
_____
J.L. Sallee, Jr. (0080437)
David D. Black (0063715)
DINSMORE & SHOHL LLP
Suite 1900
255 East Fifth Street
Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax: (513) 977-8141

*Trial Attorneys for Defendants Milton Can Company, Inc. and BWAY Manufacturing, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been served by ordinary U.S. Mail upon Plaintiff's attorneys, William P. Allen and Patrick W. Allen, CASPER & CASPER, One North Main Street, P.O. Box 510, Middletown, Ohio 45042, this 15th day of February, 2005.

                                                                    _____
                                                                      David D. Black