# EXHIBIT A

Westlaw.

Not Reported in N.E.2d  
1990 WL 252221 (Ohio App. 3 Dist.)  
**(Cite as: 1990 WL 252221 (Ohio App. 3 Dist.))**

Page 1

**H**  
Only the Westlaw citation is currently available.

CHECK OHIO SUPREME COURT RULES FOR REPORTING OF OPINIONS AND WEIGHT OF LEGAL AUTHORITY.

Court of Appeals of Ohio, Third District, Marion County.  
Vernon W. **SIZEMORE**, et al.,  
Plaintiffs-Appellants,  
v.  
**DRESSER** INDUSTRIES, INC.,  
Defendant-Appellee.  
No. 9-88-55.

Dec. 28, 1990.

Civil Appeal from Common Pleas Court

Michael Garth Moore, Columbus, for appellant.

Edgar A. Strause, Columbus, for appellee.

Messrs. Crabbe, Brown, Jones, Potts & Schmidt, Michael Henry, Columbus, for appellee.

EVANS, Judge.

**\*1** Plaintiff-appellant, Vernon W. **Sizemore**, appeals from a judgment of the Court of Common Pleas of Marion County sustaining a motion for summary judgment filed by, defendants-appellees, **Dresser** Industries, Inc. and Marion Power Shovel Company, and dismissing the complaint.

Appellant, Vernon W. **Sizemore**, was an employee of the Marion Power Shovel Company (MPS), appellee, a division of **Dresser** Industries, Inc. (**Dresser**), appellee, as a crane maintenance worker. The facilities in which appellant worked contained numerous overhead bridge cranes which required periodic maintenance. On September 25, 1985, appellant was climbing on such a crane to lubricate its wheels with a grease gun when he lost his balance and fell approximately fifteen feet to the floor below. As a result appellant incurred several severe injuries.

On August 18, 1987, appellant brought this action against Dresser and MPS, appellees. On September 23, 1987, appellant filed an amended complaint alleging strict products liability, intentional tort, negligence, willful, wanton and reckless conduct and loss of consortium. On August 16, 1988, appellees filed a motion for summary judgment. By judgment entry of December 5, 1988, the trial court sustained the appellees' motion for summary judgment and dismissed the complaint.

It is from this judgment that appellant appeals submitting five assignments of error which provide as follows:

"*ASSIGNMENT OF ERROR NO. 1:*

THE TRIAL COURT ERRED IN RETROACTIVELY APPLYING THE LEGAL STANDARD OF 'INTENT' FOUND IN SECTION 4121.80(G) TO THE EVIDENCE IN THIS CASE."

"*ASSIGNMENT OF ERROR NO. 2:*

THE TRIAL COURT ERRED IN EXCLUDING THE NOVEMBER 14, 1988 AFFIDAVIT OF ANTHONY RAGO IN ITS CONSIDERATION OF THE DEFENDANT-APPELLEE'S MOTION."

"*ASSIGNMENT OF ERROR NO. 3:*

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON THE INTENTIONAL TORT CLAIM."

"*ASSIGNMENT OF ERROR NO. 4:*

THE TRIAL COURT ERRED IN ITS DETERMINATION THAT THE 'DUAL CAPACITY' DOCTRINE IS NOT APPLICABLE TO THE DESIGN DEFECT CLAIM."

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.E.2d  
1990 WL 252221 (Ohio App. 3 Dist.)  
**(Cite as: 1990 WL 252221 (Ohio App. 3 Dist.))**

Page 2

"*ASSIGNMENT OF ERROR NO. 5:*

APPLICATION OF DUAL-CAPACITY DOCTRINE BY THE COURT BELOW VIOLATED PLAINTIFF-APPELLANT'S RIGHTS UNDER ARTICLE I, SECTIONs (sic) 1, 2 AND 16 OF THE CONSTITUTION OF THE STATE OF OHIO."

Section 35, Article II of the Ohio Constitution provides essentially that workers' compensation benefits are the exclusive remedy for an employee injured in the course of his employment. This general rule of exclusivity is further mandated by R.C. 4123.74. However, there have been two judicially created exceptions to this rule. The first exception arises where the employer has committed an intentional tort. See *Blankenship v. Cincinnati Milacron Chemicals* (1982), 69 Ohio St.2d 608. The second exception arises with the applicability of the dual-capacity doctrine. See *Guy v. Arthur H. Thomas Co.* (1978), 55 Ohio St.2d 183. The application of these exceptions forms the basis of appellant's appeal.

*2 For his first assignment of error appellant contends that the trial court applied the wrong standard of "intent" in sustaining the appellees' motion for summary judgment. More specifically, appellant argues that the trial court erred in applying the more stringent standard of "intent" provided by R.C. 4121.80(G) rather than the common law standard of "intent".

In *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100 (paragraph four of the syllabus), the Supreme Court of Ohio found that:

"R.C. 4121.80(G) removes an employee's potential cause of action against his employer by imposing a new, more difficult standard for the 'intent' requirement of a workers' compensation intentional tort than that established in *Jones v. VIP Development Co.* (1984), 15 Ohio St.3d 90, 15 OBR 246, 472 N.E.2d 1046. This new standard constitutes a limitation, or denial of, a substantive right, and consequently causes the statute to fall within the bar against retroactive laws established by Section 28, Article II of the Ohio Constitution. ( *Smith v. New York Central RR. Co.* [1930], 122 Ohio St. 45, 170 N.E. 637; *State, ex rel. Slaughter v. Indus. Comm.* [1937], 132 Ohio St. 537, 8 O.O. 531, 9 N.E.2d 505; and *Weil v. Taxicabs of Cincinnati, Inc.* [1942], 139 Ohio St. 198, 22 O.O. 205, 39 N.E.2d 148, approved and followed.)" See also, *Kunkler v. Goodyear Tire & Rubber Co.* (1988), 36 Ohio St.3d 135, 138; *Courtad v. Whirpool Corp.* (May 16, 1989), Hancock App. No. 5-87-4, unreported.

The more stringent standard of "intent" codified in R.C. 4121.80(G) became effective August 22, 1986, whereas appellant's claim arose on September 25, 1985. The trial court not only cited R.C. 4121.80(G) in its opinion but also quoted the operative language from the statute in reaching its conclusion. Therefore, we initially conclude that the trial court did apply the wrong standard of "intent" in sustaining the appellees' motion for summary judgment.

It is a fundamental tenet of appellate review, however, that the existence of error alone is not a sufficient basis for reversal. Rather, it must appear from the record that such error was prejudicial to the appellant. In so doing "[a] reviewing court may look into the record and if the judgment being reviewed on appeal is right for any reason, it is the duty of the reviewing court to affirm it, * * * ". 5 Ohio Jurisprudence 3d (1978) 355, Appellate Review, Section 683. Therefore, whether summary judgment was proper in this case must be resolved under the law as it existed prior to the enactment of R.C. 4121.80(G), and if correct, we are obliged to affirm, the trial court's error notwithstanding. This is precisely the issue addressed in the briefs for the third assignment of error, thus, assignments of error one and three will be consolidated for review.

The intentional tort exception to the general rule of the exclusivity of workers' compensation benefits was first recognized by the Supreme Court of Ohio in *Blankenship, supra*. In *Jones v. VIP Development Co.* (1984), 15 Ohio St.3d 90, the Supreme Court stated the exception as follows:

*3 "An intentional tort is an act committed with the intent to injure another, or committed with the belief that such injury is *substantially certain* to occur." (Emphasis added).

The Supreme Court further clarified the exception

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.E.2d  Page 3
1990 WL 252221 (Ohio App. 3 Dist.)
**(Cite as: 1990 WL 252221 (Ohio App. 3 Dist.))**

in *Van Fossen, supra* (paragraph two of the syllabus), as follows:

" * * * in order to establish 'intent' for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty and not just a high risk; and (3) that the employer under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task."

In *Kunkler, supra,* the Supreme Court stated that:

"The standard for establishing an intentional tort in an employment situation has been addressed in *Jones* and *Blankenship* ... In the aftermath of those decisions, we see that some confusion remains, with the bench and bar. This confusion manifests itself in a failure to distinguish intentionally from recklessness and negligence, and from finding intentional torts in facts which show only recklessness.

"To establish an intentional tort there must be proof beyond that required to prove negligence and beyond that to prove recklessness. It is in this context that the facts should be examined to determine whether an employer has acted despite a known threat that harm to an employee is substantially certain to occur."

In further highlighting this distinction the Supreme Court in *Van Fossen, supra* at 117, stated that " * * * the knowledge and appreciation of a risk--something short of substantial certainty--is not intent".

The standard for review of a judgment granted pursuant to a motion for summary judgment was set forth by the Supreme Court in *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, as follows:

"Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; (3) and it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."

Additionally, in *Van Fossen, supra* at 117, the Supreme Court stated that:

"[I]n an action by an employee against his employer alleging an intentional tort, upon motion for summary judgment by the defendant employer, the plaintiff employee must set forth specific facts which show that there is a genuine issue as to whether the employer had committed an intentional tort against his employee."

*4 In application to the case *sub judice* appellant, through his third assignment of error, raises four specific issues which he argues constitute genuine issues of material fact rendering summary judgment to have been inappropriate. These are as follows:

"1. WAS THE STANDARD PROCEDURE OF CRANE MAINTENANCE MEN TO CLIMB UPON THE END TRUCK TO LUBRICATE THE WHEELS?"

"2. DID PLAINTIFF-APPELLANT'S SUPERVISOR REQUIRE PLAINTIFF TO LUBRICATE THE CRANE UNDER CONDITIONS WHICH HE KNEW TO SUBSTANTIAL CERTAINTY WOULD RESULT IN SERIOUS INJURY?"

"3. DID PLAINTIFF-APPELLANT, OR OTHERS, ALERT DEFENDANT-APPELLEE TO THE END TRUCK HAZARD AND REQUEST THAT SAFETY DEVICES BE ADDED TO PREVENT FALLS, AND, IF SO, WAS DEFENDANT-APPELLEE'S CONDUCT FOLLOWING SUCH NOTICE EVIDENCE OF INTENTIONAL CONDUCT IN LIGHT OF 'SUBSTANTIAL CERTAINTY' OF INJURY?"

"4. DID DEFENDANT-APPELLEE'S

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.E.2d                                                                                                Page 4
1990 WL 252221 (Ohio App. 3 Dist.)
**(Cite as: 1990 WL 252221 (Ohio App. 3 Dist.))**

VIOLATION OF ITS OWN REQUIREMENTS, I.E., THE OSHA STANDARDS RELATING TO FOOTWALKS, CONSTITUTE EVIDENCE OF A 'SUBSTANTIAL CERTAINTY' OF INJURY?"

The primary fact which we note is that periodic maintenance had been conducted on these cranes for 28 years without incident. More importantly, this appellant had performed monthly maintenance on the crane from which he ultimately fell for over six years without incident. In considering the totality of the circumstances in the light most favorable to appellant we find that no reasonable mind could conclude that an injury which had not occurred over the course of 28 years, or six years on this particular crane under the same conditions, was *substantially certain* to occur. This is not to say that the absence of a previous injury *per se* precludes a finding that a given injury was substantially certain to occur. Rather, under these facts that conclusion is unavoidable.

In paragraph one above appellant argues that there remains a genuine issue of material fact as to whether it was standard procedure for maintenance men to climb upon the end truck to lubricate the wheels of the crane. The record does not demonstrate that this was the standard procedure. Rather, as admitted by appellant, each repairman "could do it any way he wanted to * * * ". Further, there is no evidence that appellant was *required* to lubricate the crane in this manner.

In paragraph three above appellant argues that there remained a genuine issue of material fact as to whether the appellees were placed on notice of the threat of harm, thus rendering their subsequent conduct to be an intentional tort. Regardless of the appellees' knowledge of the risk, the likelihood of injury was not of such a degree as to render it a substantial certainty. See *Pariseau v. Wedge Products, Inc.* (1988), 36 Ohio St.3d 124. In light of this conclusion, the appellees' knowledge and appreciation of the risk is immaterial.

In paragraph four above appellant argues that there remains a genuine issue of material fact as to whether the appellees' alleged violation of OSHA standards constituted evidence of a substantial certainty of injury. The record contains no evidence that any mandatory OSHA standards were violated by the appellees. Further, even assuming arguendo that such standards were violated, that fact alone is not evidence of intent on the part of the appellees. See *Witzgall v. Fenton Rigging Co.* (June 29, 1988), Hamilton App. No. C870365, unreported; *Shearer v. Homestake Mining Co.* (S.D.1983), 557 F.Supp. 549, 557, affirmed (8th Cir.1984), 727 F.2d 707.

*5 Lastly, in paragraph two appellant argues that there remains a genuine issue of material fact as to whether appellant's supervisor required him to lubricate the crane despite a substantial certainty that injury would occur. Appellant's assertion is not a specific fact as appellant is required to submit in opposition to summary judgment. Rather, this assertion merely constitutes a statement of the ultimate issue raised by appellant's cause of action.

There is obviously an inherent risk in lubricating a crane roughly fifteen feet off of the ground, regardless of what safety measures are provided. Further, we do not question that the appellees had knowledge of this risk and could have minimized it. However, given the fact that appellant had lubricated this particular crane monthly under the same conditions for over six years without incident, we are left with the inescapable conclusion that the risk of injury did not rise to the degree of substantial certainty. While the appellees' conduct may have been negligent or even reckless, and the risk of injury possible if not ultimately probable, it cannot be reasonably concluded to have been a substantial certainty and thus intentional. In sum, we are unable to glean from the record any genuine issue of material fact.

Accordingly, appellant's first and third assignments of error are not well taken and are overruled.

Appellant's second assignment of error contends that the trial court erred in excluding the November 14, 1988, affidavit of appellant's expert Anthony Rago. In excluding the affidavit the trial court concluded that:

"Plaintiff supports his claim of intentional tort with a second affidavit of Anthony Rago, an industrial engineer and safety expert. This affidavit was filed out of rule, it contains legal conclusions, opinions not in context of his own knowledge and is not

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.E.2d  
1990 WL 252221 (Ohio App. 3 Dist.)  
**(Cite as: 1990 WL 252221 (Ohio App. 3 Dist.))**

Page 5

based on objective standards of the engineering community. This is not admissible evidence and must be excluded."

Appellant argues that Anthony Rago's affidavit was not filed out of rule and that it complied with the foundational requirements of admissibility.

In *Tomlinson v. Cincinnati* (1983), 4 Ohio St.3d 66 (paragraph one of the syllabus), when confronted with the admissibility of an affidavit containing the opinion of a lay witness, the Supreme Court of Ohio concluded that:

"Where an affidavit containing opinions is made part of a motion for summary judgment, it is properly considered by a trial or reviewing court when it meets the requirements set forth in Civ.R. 56(E) and Evid.R. 701."

Similarly, we conclude that an affidavit containing the opinion of an expert witness, offered either in support of or in opposition to a motion for summary judgment, is admissible when it complies with Civ.R. 56(E) and Evd.R. 702- 705.

Civ.R. 56(E) provides as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

*6 Evid.R. 702 provides:

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

In application to the case *sub judice* we conclude that Rago's affidavit offers absolutely no evidence based upon his "scientific, technical, or other specialized knowledge which will assist the trier of fact to understand the evidence * * * ". Rather, Rago's affidavit offers his opinion as to the ultimate issue based upon Vernon Sizemore's testimony. For example, Rago states:

"7. That, based upon the testimony of Vernon Sizemore, it is clear that the Plaintiff twice requested modifications to the crane which, if followed by his employer, would have rendered the crane non-defective and would have prevented the incident in which plaintiff was severely injured;

"8. It is also clear that Plaintiff made the two requests for modifications based upon his concern for the safety of himself, when assigned to lubricate the end truck wheels at the location where he fell;

"9. That, based upon his testimony alone, it is my opinion that the plaintiff was intentionally assigned by the supervisor, Hughes, to perform a task which Hughes must have known to a substantial certainty would result in the plaintiff suffering injury or death from the fall such as occurred on the date of the incident;"

It is apparent that Rago's affidavit is not based upon his inspection of the crane and technical conclusions derived therefrom but rather upon the testimony of appellant. Rago's affidavit does not offer any scientific, technical, or other specialized knowledge giving rise to a genuine issue of material fact. Rather, his affidavit constitutes a series of ultimate conclusions none of which are based upon his area of expertise.

Appellant's second assignment of error is not well taken and is overruled.

Appellant's fourth and fifth assignments of error are premised upon the "dual capacity" doctrine. In *Schump v. Firestone Tire & Rubber Co.* (1989), 44 Ohio St.3d 148 (syllabus), the Supreme Court of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.E.2d  
1990 WL 252221 (Ohio App. 3 Dist.)  
**(Cite as: 1990 WL 252221 (Ohio App. 3 Dist.))**

Page 6

Ohio found that:

"Where an employer manufactures a product for public sale and for its own use, and an employee is injured while using the product within the scope of his employment, the employee may not maintain a products liability action against his employer under the dual-capacity doctrine. (*Bakonyi v. Ralston Purina Co.* [1985], 17 Ohio St.3d 154, 17 OBR 356, 478 N.E.2d 241, approved and followed.)"

We find this case dispositive of the issues raised herein. Accordingly, appellant's fourth and fifth assignments of error are not well taken and are overruled.

Having found no error prejudicial to appellant, in the particulars assigned and argued herein, the judgment of the trial court is affirmed.

*7 *Judgment affirmed.*

SHAW, P.J., and MILLER, J., concur

1990 WL 252221 (Ohio App. 3 Dist.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.