# EXHIBIT B

1996 Ohio App. LEXIS 627, *

PATRICK J. WESLEY, Plaintiff-Appellant -vs- NORTHEAST OHIO REGIONAL SEWER DISTRICT, Defendant-Appellee

NO. 69008

COURT OF APPEALS OF OHIO, EIGHTH APPELLATE DISTRICT, CUYAHOGA COUNTY

1996 Ohio App. LEXIS 627

February 22, 1996, DATE OF ANNOUNCEMENT OF DECISION

NOTICE: [*1] THE LEXIS PAGINATION OF THIS DOCUMENT IS SUBJECT TO CHANGE PENDING RELEASE OF THE FINAL PUBLISHED VERSION.

PRIOR HISTORY:

CHARACTER OF PROCEEDING: CIVIL APPEAL FROM THE COURT OF COMMON PLEAS. CASE NO. CV-244960.

DISPOSITION:

JUDGMENT: AFFIRMED.

**LexisNexis(R) Headnotes**

COUNSEL: APPEARANCES:

For Plaintiff-Appellant: DENIO A. LEONE (# 0005287), The INA Building - Suite 555, 14701 Detroit Avenue, Lakewood, Ohio 44107.

For Defendant-Appellee: STEVEN M. LOEWENGART (# 0039086), KYMBERLY T. WELLONS (# 0062366), SQUIRE, SANDERS & DEMPSEY, 1300 Huntington Center, 41 South High Street, Columbus, Ohio 43215. FREDERICK P. VERGON, JR. (# 0012383), SMITH, MARSHALL & WEAVER, 500 National City-East Sixth Bldg., 1965 East Sixth Street, Cleveland, Ohio 44114.

JUDGES: LEO M. SPELLACY, CHIEF JUSTICE. TERRENCE O'DONNELL, J. and TIMOTHY E. McMONAGLE, J. CONCUR.

OPINIONBY: LEO M. SPELLACY

OPINION:

JOURNAL ENTRY AND OPINION

SPELLACY, C.J.:

Plaintiff-appellant Patrick Wesley ("appellant") appeals the grant of summary judgment in favor of defendant-appellee Northeast Ohio Regional Sewer District ("NEORSD") in an intentional tort action.

Appellant assigns the following errors for review:

I. THE TRIAL COURT ERRED IN GRANTING [*2] SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE AS THERE EXISTS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER AN INTENTIONAL TORT WAS COMMITTED AGAINST PLAINTIFF-APPELLANT.

II. THE TRIAL COURT'S CONCLUSION, AS A MATTER OF LAW, THAT THE PROXIMATE CAUSE OF PLAINTIFF-APPELLANT'S INJURY WAS HIS VOLUNTARY RETURN TO THE CONVEYOR AND NOT ANY ACTS OF DEFENDANT-APPELLEE, REMOVES A GENUINE ISSUE OF MATERIAL FACT FROM CONSIDERATION BY THE TRIER OF FACT AND CONSTITUTES REVERSIBLE ERROR.

III. THE TRIAL COURT'S GRANT OF DEFENDANT-APPELLEE'S MOTION TO STRIKE THE EXPERT AFFIDAVIT OF GERALD RENNELL WAS ERRONEOUS AND CONSTITUTES REVERSIBLE ERROR.

Finding none of the assignments of error to have merit, the judgment of the trial court is affirmed.

## I.

Appellant is employed as a maintenance mechanic at NEORSD. On June 5, 1991, appellant agreed to work overtime to align the belt of the reversing conveyor used to transport sludge. The reversing conveyor is elevated thirteen feet above the floor of the facility and is accessed on the south side by means of a catwalk and on the north side by use of a ladder. The reversing conveyor was not equipped with safety guards and had an emergency [*3] stop cable cord on the south side but not on the north.

Appellant worked on the north side while a helper assisted on the south side of the conveyor. The conveyor had to be operational while the alignment was being done. After successfully completing the alignment, appellant descended the ladder and walked to the control room to inform the operator the task was done. Appellant then returned alone to the north side of the reversing conveyor to gather his tools and clean up his work area. Appellant reached underneath the roller to retrieve a long-handled scraper which was on a spillage tray. Appellant had not brought the scraper to the job site but had used it during the alignment procedure. As appellant turned to see if he could drop the scraper to the floor, the three-foot handle was pulled into the conveyor. Appellant could not remove his hand in time to prevent injury. The top of his right index finger was amputated and the bones of his right forearm were crushed against the conveyor's framework.

## II.

In his first assignment of error, appellant contends the trial court erred in granting summary judgment to NEORSD because material issues of fact exist as to whether NEORSD committed [*4] an intentional tort. Appellant argues evidence was submitted showing that it was dangerous to work on a moving conveyor yet NEORSD continued to require employees to do so; NEORSD knew that there was not an emergency stop cable wire on the north side of the belt and may have removed one previously located there; and that NEORSD knew there was a risk of serious injury or death if employees performed maintenance while the conveyor was operational.

This case was disposed of by summary judgment. Civ.R. 56(C) provides that summary judgment is proper if the trial court determines that:

> (1) No genuine issue as to any material fact remains to be litigated;

> (2) the moving party is entitled to judgment as a matter of law; and

> (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 364 N.E.2d 267. Summary judgment is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. [*5] *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St. 2d 1, 433 N.E.2d 615. Summary judgment is not appropriate where the facts are subject to reasonable dispute when viewed in a light favorable to the nonmoving party. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St. 3d 100, 104, 483 N.E.2d 150. It should be awarded with caution only after doubts are resolved and evidence construed in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St. 3d 356, 604 N.E.2d 138. The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media Ltd. of Texas* (1991), 59 Ohio St. 3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

An employee may recover at common law for injuries sustained as a result of the intentional conduct of his employer. The burden of demonstrating that the employer committed an intentional tort is on the employee. *Richie v. Rogers Cartage Co.* (1993), 89 Ohio App. 3d 638, 626 N.E.2d 1012. In *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St. 3d 115, 570 N.E.2d 1108, the court held at paragraphs one and two of the syllabus.

> 1. Within the purview of Section [*6] 8(A) of the Restatement of the law 2d, Torts, and Section 8 of Prosser & Keeton on Torts (5 Ed. 1984), in order to establish "intent" for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure,

instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. ( *Van Fossen v. Babcock & Wilcox Co.* [1988], 36 Ohio St. 3d 100, 522 N.E.2d 489, paragraph five of the syllabus, modified as set forth above and explained.)

2. To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. [*7] As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk--something short of substantial certainty--is not intent. ( *Van Fossen v. Babcock & Wilcox Co.* [1988], 36 Ohio St. 3d 100, 522 N.E.2d 489, paragraph six of the syllabus, modified as set forth above and explained.)

An employee is required to demonstrate that the employer had actual knowledge of the exact dangers which ultimately caused the injury. *Lucas v. R.C.A. Rubber Co.* (1994), 93 Ohio App. 3d 389, 391, 638 N.E.2d 1045. To survive a motion for summary judgment, there must be some competent evidence of the employer's knowledge. *Youngbird v. Whirlpool Corp.* (1994), 99 Ohio App. 3d 740, 746, 651 N.E.2d 1314.

Although much of appellant's argument relates to the alignment [*8] procedure, appellant was not injured while performing this task but while he was retrieving his tools and cleaning up the work area. Therefore, it must be determined whether this act of housekeeping near a moving conveyor was so dangerous that NEORSD knew an employee would be injured.

Appellant asserts the removal of an emergency stop cable cord from the north side of the reversing conveyor is probative of NEORSD's intent to harm. There was evidence in the record that such a safety device was installed by NEORSD and then removed later. Evidence of the removal of a safety device from equipment an employee is required to operate and which results in injury to the employee should be considered along with other evidence in reaching a determination on a motion for summary judgment. *Fyffe, supra* at paragraph three of the syllabus. Appellant was not operating or working on the machinery at the time of his injury, but was picking up tools in the area right next to the conveyor. There is no evidence in the record that the act of performing housekeeping duties would result in any danger of injuries to an employee. Although appellant maintains that he was required to clean up a job site [*9] upon completion of a task and that the housekeeping was part of the process of the alignment, it is clear that appellant's actual work on the machine itself had ended at the time of injury. Appellant would have to prove that NEORSD had actual knowledge that cleaning up the area after performing an assigned task would lead to injury of an employee. There is no evidence to support this in the record.

Appellant also argues that working on or near a moving conveyor was so dangerous that NEORSD knew injury would occur. Appellant points out that during the alignment, it was necessary that the conveyor be operational. Of course, as stated above, appellant was not injured then but afterwards when removing his tools from the area.

> There are many acts within the business or manufacturing process which involve the existence of dangers, where management fails to take corrective action, institute safety measures, or properly warn the employees of the risks involved. Such conduct may be characterized as gross negligence or wantonness on the part of the employer. However, in view of the overall purposes of our Workers' Compensation Act, such conduct should not be classified as an "intentional [*10] tort" and therefore an exception, under *Blankenship* or *Jones,* to the exclusivity of the Act.

*Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, 117, 522 N.E.2d 489. Although NEORSD may have been negligent in requiring workers to be near a moving conveyor, there is no evidence of actual

knowledge on NEORSD's part that an employee would be injured.

Appellant has not met his burden under *Fyffe*. The trial court did not err in granting summary judgment for NEORSD.

Appellant's first assignment of error is overruled.

III.

In his second assignment of error, appellant argues the trial court erred by concluding the proximate cause of appellant's injury was his voluntary return to the conveyor. However, the issue of proximate cause is not relevant to the determination of this case unless appellant proved NEORSD committed an intentional tort. He failed to do so. Because of the determination of the first assignment of error, appellant's second assignment of error is moot.

IV.

In his third assignment of error, appellant asserts the trial court erred by striking the affidavit of appellant's expert. Appellant argues the expert was qualified as such under [*11] Evid.R. 702(B). He maintains the expert supported his opinion with a reference to technical and scientific information as the expert relied on a publication by the National Safety Council titled *Accident Prevention Manual For Industrial Operation In 1951*.

A trial court's ruling on the admissibility of an expert's testimony is within the trial court's discretion. That ruling will not be disturbed on appeal unless an abuse of discretion is found. *Frank v. Vulcan Materials Co.* (1988), 55 Ohio App. 3d 153, 563 N.E.2d 339. An abuse of discretion connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St. 3d 217, 450 N.E.2d 1140.

Civ.R. 56(E) states in pertinent part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

An affidavit must set forth facts and not legal conclusions or opinions without stating supporting facts. *Stamper v. Middletown Hosp. Assn.* (1989), [*12] 65 Ohio App. 3d 65, 69, 582 N.E.2d 1040. An affiant must have personal, and not second-hand, knowledge of the facts. *Youssef v. Parr, Inc.* (1990), 69 Ohio App. 3d 679, 591 N.E.2d 762. An expert's opinion affidavit must set forth the fact of his opinion, as well as his qualifications which would make the opinion admissible. *Hirschberger v. Silverman* (1992), 80 Ohio App. 3d 532, 539, 609 N.E.2d 1301. Expert opinions may be offered if the expert has some specialized knowledge that would assist the trier of fact to understand the evidence or to determine a fact in issue. But when the expert testimony is offered on a matter that is not complex or beyond the comprehension of the average person, a trial court does not abuse its discretion by excluding the evidence. *Weil v. Este Oils Co.* (1994), 93 Ohio App. 3d 759, 639 N.E.2d 1215.

The expert in question stated in his affidavit that he personally inspected the reversing conveyer and reviewed the Ohio Industrial Commission's Violation of Specific Safety Requirement investigation and the statements and depositions of those involved in this case. The expert stated that NEORSD was aware the conveyer had no safety guards or emergency [*13] stop cable and required its employees to perform maintenance on an unguarded, moving machine even though NEORSD knew of the danger and risk of harm.

A review of the expert's affidavit and supporting evidence shows it to be replete with conclusory statements regarding NEORSD's knowledge. Further, the bulk of the report relates to the danger of maintenance work being done on the conveyer itself. Appellant had completed the maintenance on the conveyor and was injured while retrieving his tools. The report never mentions any knowledge of NEORSD as to the risk of injury to employees while performing housekeeping duties near the conveyor. The affiant's statements as to NEORSD's knowledge of actual harm appear to be conclusions which are not based on the facts of the case. Also, the expert included one short quote from the report from 1951. Such a brief reference to an old study does not comport with the requirements of Evid. R. 702(C) that the expert's testimony be based on reliable, scientific, technical or other specialized information.

Appellant's third assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed. [*14]

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

TERRENCE O'DONNELL, J. and

TIMOTHY E. McMONAGLE, J. CONCUR.

LEO M. SPELLACY

CHIEF JUSTICE

N.B. This entry is made pursuant to the third sentence of Rule 22(D), Ohio Rules of Appellate Procedure. This is an announcement of decision (see Rule 26). Ten (10) days from the date hereof this document will be stamped to indicate journalization, at which time it will become the judgment and order of the court and time period for review will begin to run.