# EXHIBIT D

TIMOTHY L. SMITH, administrator of the Estate of Vickie L. Smith, deceased, Plaintiff-Appellant, v. RICHARD W. FREEMAN, et al, Defendant-Appellee

NO. 962

COURT OF APPEALS, FOURTH APPELLATE DISTRICT, ROSS COUNTY, OHIO

1983 Ohio App. LEXIS 14568

November 21, 1983

**DISPOSITION:** [*1]

JUDGMENT AFFIRMED.

**LexisNexis(R) Headnotes**

**COUNSEL:**

COUNSEL FOR APPELLANT: William S. Cole, 16 East Broadway, Wellston, Ohio

COUNSEL FOR APPELLEE: Steven T. Sloan, 35 North College St., Athens, Ohio (For Richard W. Freeman)

John S. Street, Jr., 202 Citizens Bank Building, Chillicothe, Ohio (For Donald S. Kunze)

**JUDGES:**

Stephenson, J.: Concur In Judgment Only

Grey, J.: Dissent with Attached Dissenting Opinion

**OPINIONBY:**

ABELE, P.J.

**OPINION:**

OPINION

This is an appeal from a Ross County Common Pleas Court automobile accident case. The Court first overruled Freeman's Motion in Limine which sought to prohibit Smith's expert witness Douglas Brown from testifying as to the point of impact. On the day of the trial, the Court sua sponte vacated the prior ruling and thus granted the Motion in Limine.

The jury heard evidence from various witnesses concerning the point of impact. Two deputy sheriffs testified the impact occurred in Smith's lane. They based their testimony on what they observed at the scene of the accident soon after the accident. An eyewitness, however, testified he saw Freeman driving straight south in his own lane and saw Smith veer to the left immediately prior to the accident.

[*2] Another eyewitness testified he was driving behind Freeman immediately prior to the accident and Freeman "appeared to be in his own lane." The jury decided Freeman was in his own lane and Smith was left of center at the time of the accident.

Smith did not proffer Douglas Brown's testimony into the record. The record does, however, contain a copy of Brown's report to Smith's attorneys. In that report, Brown concluded Freeman was left of center. Brown clearly stated "The evidence indicated at the scene of the accident and on the vehicles did not clearly define which vehicle had been left of center." Brown appeared to base his conclusion on discussions he had with one of the deputy sheriffs who viewed the scene of the accident.

We affirm.

ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY VACATING ITS PRIOR RULING AND SUSTAINING DEFENDANT-APPELLEE FREEMAN'S MOTION IN LIMINE ON THE FIRST DAY OF TRIAL WITHOUT NOTICE OR OPPORTUNITY FOR HEARING."

ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY EROHIBITING PLAINTIFF-APPELLANT FROM CALLING DOUGLAS [*3] BROWN AS A WITNESS."

ASSIGNMENT OF ERROR III

"THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY DISALLOWING TESTIMONY FROM PLAINTIFF-APPELLANT'S EXPERT CONCERNING THE CAUSE OF THE ACCIDENT AND THE POINT OF IMPACT."

All three assignments of error hinge on one question: Did the Court properly exclude Douglas Brown's expert testimony concerning the point of impact? We believe so.

Appellant contends the "physical facts rule" requires the admission of the testimony. We disagree. We find nothing in the record to indicate Brown's testimony would place the case within the "physical facts rule" as stated in McDonald v. Ford Motor Co. (1975) 42 O.St.2d 8.

In Trebotich v. Broglio (1973) 33 O.St.2d 57, the Court confronted the same issue we confront in the case at bar. The Court concluded:

"1. Generally, the question as to the point of impact or collision on the road in a motor vehicle accident cases is not one calling for skilled or expert opinion.

2. The point of impact on the road of two colliding automobiles is a subject within the experience, knowledge or comprehension of the jury.

3. Where there is conflicting eyewitness testimony upon a precise [*4] or ultimate fact in issue which is to be determined by a jury, an expert witness may not, in response to a hypothetical question, express his opinion on such fact in issue. (Paragraph one of the syllabus of Shepherd v. Midland Mutual Life Ins. Co., 152 Ohio St. 6, approved and followed.)"

The reasoning behind Trebotich is sound: Where expert opinion evidence on the ultimate fact at issue does not "serve to enlighten the jury with respect to a matter outside its competence", the evidence is "a clear invasion of the jury's province" to determine that ultimate fact. We believe Trebotich excludes Douglas Brown's expert testimony in the case at bar.

Appellant contends Trebotich should not apply because the Ohio Rules of Evidence supercede Trebotich. We disagree with Appellant's contention. Trebotich is in accord with the Ohio Rules of Evidence. The Staff Notes to Rule 704, "Opinion on ultimate issue," explicitly state "This rule is in accordance with Ohio law as it has developed prior to the adoption of the Rules of Evidence."

Ohio Evidence Rule 704 provides opinion testimony on the ultimate fact in issue is not per se inadmissible. The Rule, however, requires [*5] such opinion testimony be "otherwise admissible" under the Rules of Evidence before admission can occur under Rule 704.

The Staff Notes to Rule 704 provide:

"The rule must be read in conjunction with Rule 704 and Rule 702, each of which requires that opinion testimony be helpful to, or assist, the trier of the fact in the determination of a factual issue. Opinion testimony on an ultimate issue is admissible if it assists the trier of the fact, otherwise it is not admissible. The competency of the trier of the fact to resolve the factual issue determines whether or not the opinion testimony is of assistance."

The Trebotich court acknowledged that in some instances the question of "who negligently crossed the center line?" may become a highly technical problem. In such instances, expert opinion testimony is admissible. In Trebotich and in the case at bar, however, the question is simple. Douglas Brown's expert opinion merely drew simple conclusions from a deputy sheriff's after-the-fact observations. Brown's opinion would not have contributed any technical knowledge beyond the competence of the jury. The jury was fully able to draw the same conclusions from [*6] the deputy sheriffs' testimony. To admit Brown's testimony would clearly invade the province of the jury.

Appellant's assignment of error is overruled.

DISSENTBY:

GREY, J.

DISSENT:

GREY, J. DISSENTING:

I must respectfully dissent. The trial court's application of Trebotich, supra, was not proper in light of the adoption of Evid. Rules 702 and 704.

Shepard vs. Midland Mutual (1949), 152 Ohio St. 6; McKay Machine Co. vs. Rodman (1967), 11 Ohio St.2d 77, and Trebotich, supra, all carry with them the danger of being misapplied if interpreted in a Ludite-anti rational manner. If an expert witness could never give his opinion on a subject within the ken of the average juror, then a doctor would not be permitted to testify a

defendant was intoxicated, because whether a person is intoxicated is within the knowledge and experience of the average juror. Indeed, breathalyzers and intoxilizers and other scientific devices used by experts to quantify the extent of intoxication would likewise not be admissible.

Shepard, McKay Machine and Trebotich, supra, cannot stand for such an anti-intellectual proposition. A trial is, after all, a search for truth.

Evid. Rule [*7] 702 says an expert may testify when his testimony will assist the jury to understand the evidence or determine a fact in issue, and under Evid. Rule 704 the expert may even give an opinion on the ultimate issue.

In Paul Grannelli's Ohio Evidence Manual, the author comments show that Rule 702 is not inconsistent with prior cases, at Part VII, page 69:

"In many instances, focusing on the 'common knowledge of laymen' will yield the same result as applying the standard of Rule 702. If a matter falls within the 'common knowledge of laymen,' the jury is presumed to be knowledgeable about the matter and, therefore, expert testimony would not 'assist' the jury.

Yet the two tests are not identical. Many subjects are not entirely beyond a lay juror's comprehension, and yet expert testimony should be admitted under Rule 702 because it will assist the jury. Handwriting comparisons illustrate this point. Although the jurors may compare handwriting exemplars to determine common authorship, Rule 901(B)(3), a questioned document examiner's testimony is superior and would be admissible under Rule 702. See McCormick, Evidence 30 (2d ed 1972); 3 Weinstein & Berger, Weinstein's Evidence [*8] 702(01) (1978). Ladd, Expert and Other Opinion Testimony, 40 Minn L. Rev 437, 443 (1956).

Determining whether a subject is a proper one for expert testimony is a decision for the trial court. See Rule 104(A). The trial court has 'broad discretion in the matter of the admission or exclusion of expert evidence, and his action is to be sustained unless manifestly erroneous."

Is then the refusal of the trial court to admit expert testimony regarding the accident an abuse of discretion in this case? I believe so.

I therefore would sustain the assignment of error and reverse and remand for a new trial. Hence, my dissent.