UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HENRY WILLIAMS | * | Case No. C-1-02-533 |
| Plaintiff, | * | Judge Beckwith |
| vs. | * | |
| MILTON CAN COMPANY, INC. and B-WAY MANUFACTURING | * | **MOTION IN LIMINE TO LIMIT TESTIMONY** |
| Defendant. | * | |

∎∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙

Plaintiff moves this Court for an order in Limine prohibiting counsel for Defendants from mentioning during voir dire, opining statement, direct examination, and/or on cross-examination identifying the Plaintiff by name, of any incidents while operating a forklift, bumped someone at work, had any near misses or verbal warnings or disciplinary matters not pertaining to the subject incident. Further, that any opinion of Plaintiff regarding Francia's driving be excluded.

William P. Allen (#0064046)
Patrick W. Allen
Casper & Casper
One N. Main St., Fifth Floor
P.O. Box 510
Middletown, OH   45042
(513) 424-1347
(513) 424-0622 – FAX
E-mail:  wallen@casperlaw.com
Attorney for Plaintiffs

1

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

Pursuant to S.D. Ohio Civ. R. 7.2 (a) (1), Plaintiff submits the following in support of the foregoing Motion in Limine.

As the Court knows from its previous review of evidence presented in support of and opposing Defendant's Motion for Summary Judgment. Plaintiff was not operating his forklift at the time he was struck by his co-worker. Much time was spent during the taking of Plaintiff's discovery deposition on inquiring about his experiences while operating a forklift (Williams depo. pp. 74-81, 88-99). Those incidents occurred in the 70's and 80's. Further inquiry was made as to Plaintiffs knowledge of his own reputation within the Defendant's facility for being a safe forklift operator. Plaintiff was also asked his opinion of Francia's driving.

We submit that the Federal Rules of Evidence permit the admission of only relevant evidence. Fed.R. Evid. 402. Relevant evidence is specifically defined in Fed. R. Evid. 401 as ". . . evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The drafters of the rules deemed it expedient to exclude even relevant evidence if, among other reasons, it could confuse or mislead the jury. Fed. R. Evid. 403.

The issue in this case is the conduct and knowledge of the employer and not the conduct and knowledge of the Plaintiff who was standing nearby his forklift with his back to Francia and not interacting with a single other person. To allow counsel to

suggest at anytime during trial that Plaintiff has at some other very remote time performed an unsafe act would be to interject irrelevant matters into the case.

The amount of time spent by defense counsel during Plaintiff's deposition inquiring about Plaintiff's past acts as a forklift driver in the 70's and 80's leads us to believe that the same matters would or may be suggested by counsel at trial. See Williams depo. pp. 77-81 and 88-99. Identifying Plaintiff, by name, involving his operation of a forklift has no tendency to aid the jury in determining whether it is more probable or less probable that the Defendants committed an employer intentional tort in this case than it would be without such evidence. The Court has previously determined that genuine issues of material fact exist as to whether the employer committed an intentional tort, not based upon Plaintiff's conduct or knowledge, but the conduct and knowledge of the employer in regard to the co-worker who struck Plaintiff.

For the foregoing reasons, the Plaintiff requests that reference to prior incidents involving Plaintiff exclude identifying him by name, and that any opinions regarding Plaintiff's driving records be excluded. Plaintiff further requests that any opinions he has regarding Francia's driving be excluded.

William P. Allen (#0064046)
Patrick W. Allen
Casper & Casper
One N. Main St., Fifth Floor
P.O. Box 510
Middletown, OH   45042
(513) 424-1347
(513) 424-0622 – FAX
E-mail: wallen@casperlaw.com
Attorney for Plaintiffs

3

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been served upon Davis Black, Esq., DINSMORE & SHOHL, 1900 Chemed Center, 255 East Fifth Street, Cincinnati, Ohio 45202 by ordinary United States mail, postage prepaid, this ____ day of February 2005.

_____
William P. Allen   #0064046
Patrick W. Allen
Attorneys for Plaintiff