UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HENRY WILLIAMS | * | Case No. C-1-02-533 |
| Plaintiff, | * | Judge Beckwith |
| vs. | * | PLAINTIFF'S RESPONSE TO DEFENDANTS' |
| MILTON CAN COMPANY, INC. and B-WAY MANUFACTURING | * | MOTION IN LIMINE |
| Defendant. | * | |

Defendants have moved the Court for an order in Limine excluding testimony by Plaintiff's expert, George L. Smith. Defendants claim that Smith's testimony should be excluded based upon Daubert v. Merrell Dow Pharmaceuticals, Inc. (1993), 503, 509, 579 U.S. and Fed. Rules of Evid. 401, 402, 403, 701, and 702.

Although this Court has overruled Defendants' Motion for Summary Judgment, they continue to argue that Plaintiff lacks evidence that Defendants intended to cause Plaintiff any injury. They propose that Smith's opinions are not beyond the competence of the jury and are irrelevant, unreliable and speculative.

Initially, we should examine this case to see if Smith's testimony is of such a "scientific" nature that Daubert applies. This is not a medical malpractice or product liability claim. As can be seen from his affidavit and CV which accompanied Plaintiff's opposition to summary judgment, Smith presents himself as a specialist in human factors

1

engineering and ergonomics. Those specialties are not the same as medical specialties, design engineering, or biomechanics to name a few. The Sixth Circuit Court of Appeals in <u>Smelser v. Norfolk Southern Railway Company</u> (6th Cir. 1997), 105 F. 3d. 299, excluded the testimony of a biochemical expert for a number of reasons, among which was a lack of testing of a seatbelt. That Court also found that the expert's opinions were not based upon scientifically valid principles, had been subject to peer review or publication, or were generally accepted. The Supreme Court in <u>Kumho Tire v. Carmichael</u>, (1999), 119 S. Ct. 1167, held that the factors set forth in <u>Daubert</u> are not appropriate to all cases. At page 1176, of the opinion, the Supreme Court left it to the trial court "how to go about determining whether particular expert testimony is reliable." The tire expert in <u>Kumho</u> used an analytical approach not used by other experts in the industry and his approach was not validated by articles or papers on the subject. His conclusions regarding defects in a tire were excluded.

    Plaintiff submits that <u>Kumho</u> permits this Court to consider the CV of Mr. Smith in determining, at this stage, whether his opinions are reliable. He has taught industrial and systems engineering, has numerous degrees in industrial engineering, is a registered professional engineer, has researched manufacturing systems and engineering, edited a publication on human factors, as well as the consulting, awards and authorships enumerated in his CV. A more well rounded expert is difficult to conceive.

    The subject matter in this case does not involve any new scientific theory requiring testing, reconstruction, model making, or peer review. Defendants have not tested Smith's opinions by taking his deposition under Federal Rules of Civil Procedure 26(b)(4)(a) or (b). In Smith's report, which has been provided to the Court and counsel,

2

he identifies the facts which have been testified to by depositions and upon which he relies. None of those facts or opinions requires "scientific" analysis or scrutiny but rather the application of human factors principles, knowledge of OSHA regulations and the interaction between management and employees in the industrial setting.

Once this Court determines that Smith is a reliable witness with reliable opinions, the only remaining criteria for the admission of his testimony is its relevance. As noted by Defendants, Fed. Rules of Evid. 401 defines relevant evidence as "…evidence having the tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable." Fed. Rules of Evid. 402 generally makes all relevant evidence admissible. Relevant evidence may be excluded under Fed. Rules of Evid. 403, which will be addressed later in this memorandum.

One of the facts that is of consequence to the determination of this case is the knowledge and intent of Plaintiff's employer and its supervisory personnel. The Ohio Supreme Court recognized the futility of an employee attempting to prove an employer's subjective intent in employer intentional tort cases. Three criteria or "prongs" for testing whether an employer may be liable for such a tort have been previously set forth by the undersigned in responding to Defendants' summary judgment motion.[1] Smith has opined as to the Defendants' knowledge based upon objective evidence contained in depositions of Defendants' employees. He renders opinions based also upon B-Way's practices and procedures as elicited in depositions together with his own knowledge and experience with industrial practices and procedures. Finally, Smith addresses glaring violations of OSHA mandates for retraining reckless drivers.

---

[1] Fyffe v Jeno's, Inc. (1991) 95 Ohio St.3d 115, 118

3

Defendants liken Smith's affidavit to the affidavit of the expert in <u>Sizemore v Dresser Industries, Inc.</u>, No. 9-88-55, 1990 WL 252221, (Ohio App. 3d Dist., December 28, 1990). Attached to Defendant's Memo in Support. In that case the trial court excluded the testimony of an expert who had not inspected the crane in question nor did he offer any specialized knowledge. The trial court determined that the expert's conclusions were outside his area of expertise, a determination affirmed by the reviewing court. Those shortcomings are not evident in Smith's affidavit; therefore, <u>Sizemore</u> is not dispositive.

Smith had no need to inspect any equipment in this case. He reviewed photographs of the actual dock area, and reviewed the exhibits from the various depositions which included evidence of Francia's numerous driving infractions. Unfortunately, Francia's complete fork truck driver's record was not in evidence nor disclosed in discovery. It was "lost" by B-Way <u>after</u> their investigation. Smith exhibits specialized knowledge in both human factors and industrial processes. Both of these subjects are relevant to the <u>Fyffe</u> tests in this case.

The transitory nature of <u>Orders in Limine</u> allow the Court to revisit the issue of Smith's opinions to be given in court at a later time. The failure of this expert to participate in a defendant company's post-injury investigation or inspection is a grasp at straws. It is the rare instance when either party's expert has taken part in the post-injury investigation. That fact goes to credibility and not to admissibility.

So, too, does Smith's lack of direct contact with witnesses. He has, however, gone one step better. He has reviewed sworn testimony in the form of depositions. An affidavit submitted in support of one's opposition to summary judgment should not be

4

required to be as complete as would that affiant's court testimony. Keep in mind that the stage at which the expert's affidavit was being scrutinized in <u>Sizemore</u> was at the summary judgment stage. The affidavit of the expert in the <u>Wesley v. Northeast Ohio Regional Sewer District</u>, No. 69008, 1996 Ohio App. LEXIS 627, (8th App. Dist., Feb.22, 1996) attached to Defendants' Memorandum, was also being examined at the summary judgment stage of that case.

Defendants raise the claim that they are prejudiced by Smith's testimony and the opinions set forth in his affidavit. Most evidence presented to fact finders is prejudicial to one side or the other in a case. It would be a waste of time to present evidence not intended to influence the fact finders in a manner adverse to the party against whom the evidence is offered.

Under Fed. Rules of Evid. 403 evidence must be unfairly prejudicial to a party before it may be excluded. This rule is permissive rather than mandatory. Note also that evidence may be admitted unless its probative value is <u>substantially</u> outweighed under 403. Defendants do not inform the Court how they are unfairly prejudiced. Nor do they specify what confusion results from evidence squarely directed at <u>Fyffe</u> issues. Defendants set forth no evidence which is duplicated by Smith. This gives their claim that Smith's testimony would waste time by presenting cumulative evidence a hollow ring.

Defendants also urge this Court to exclude Smith's opinions because it does not relate to matters beyond the knowledge of the ordinary person. Average jurors are rarely versed in human factors, engineering, ergonomics or OSHA compliance. We submit that Defendants would attempt to exclude from jury service any person having background,

5

training, or experience in human factors and/or industrial engineering/industrial processes. Defendants rely upon a case wholly dissimilar from the case before this Court. The testimony of an expert was precluded by the trial court where there was conflicting eyewitnesses' testimony as to the point of impact between two motor vehicles. Smith vs. Freeman, No. 962, 1983 Ohio App. LEXIS 14568 (4th App. Dist., Nov. 21, 1983). Attached to Defendants Memorandum. The expert was going to opine as to the point of impact, a question not calling for expert opinion since at least 1973.[2] The Smith case does not stand exactly for what Defendants claim it does. The expert's testimony was excluded because he could not express an opinion where conflicting eyewitnesses testimony existed as to the point of impact. This is not, as Defendants claim that the expert did not contribute technical knowledge beyond that of the jury. The Smith decision fails to support Defendants' position.

## CONCLUSION

George Smith is a well-qualified expert in human factors and industrial processes by education, training, experience, and publication. The issues in this case as defined by Fyffe are beyond the ordinary knowledge and experience of the common juror. Smith's opinions are relevant to those issues under Fed. Rules of Evid. 401 and 402. His relevant evidence is not rendered inadmissible and should not be excluded under any of the Fed. Rules of Evid. 403 exceptions which are not present at this time. The cases cited by Defendants in support of their Motion in Limine do not in fact support their position. They are distinguishable and do not represent Supreme Court of Ohio decisions. At this post summary judgment time this Court should deny Defendants' motion. This testimony may be reconsidered at a later time in the unlikely event that the actual testimony

---

[2] Trebotich vs. Broglio (1973), 33 Ohio St. 2d. 57.

establishes Smith's opinions are inadmissible under the Federal Rules of Evidence. Smith's opinions meet the test of Fed. Rules of Evid. 702 in that they are based upon sufficient facts, the opinions are based upon reliable principles and methods, and Smith has applied those principles reliably to the facts in this case. As often stated by Judge Walter Rice when ruling on evidentiary objections, "It goes to the weight of the testimony, not its admissibility."

Respectfully submitted:

*[signature]*

William P. Allen (#0064046)
Patrick W. Allen
Casper & Casper
One N. Main St., Fifth Floor
P.O. Box 510
Middletown, OH  45042
(513) 424-1347
(513) 424-0622 – FAX
E-mail: wallen@casperlaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been served upon Davis Black, Esq., DINSMORE & SHOHL, 1900 Chemed Center, 255 East Fifth Street, Cincinnati, Ohio 45202 by ordinary United States mail, postage prepaid, this 2nd day of March 2005.

*[signature]*

William P. Allen   #0064046
Patrick W. Allen
Attorneys for Plaintiff