IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HENRY L. WILLIAMS, | ) | Case No. C-1-02-533 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Beckwith |
| | ) | |
| MILTON CAN COMPANY, INC., and | ) | |
| BWAY MANUFACTURING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE*
ON THE ISSUE OF PLAINTIFF'S PRIOR FORKLIFT ACCIDENT**

This is an intentional tort claim brought by Plaintiff against Defendants Milton Can Company and BWAY Manufacturing, Inc. (collectively, "Defendants" or "BWAY"). Plaintiff argues that the accident, where he was struck by a forklift driven by his co-worker, Robert Francia, was substantially certain to occur. Plaintiff has filed a motion in limine seeking to exclude evidence that Plaintiff was also involved in a forklift accident where he accidentally hit a co-worker. Plaintiff likewise seeks to exclude his opinion that his co-worker, Bob Francia, was a good forklift operator. As discussed in more detail below, such information is highly relevant to this claim and should be presented to the jury.

As to the first issue, prior accidents are relevant on the issue of whether an intentional tort occurred. *See Foust v. Magnum Restaurants, Inc.*, 97 Ohio App. 3d 451, 455, 646 N.E.2d 1150, 1153 (1994) (lack of prior accidents involving procedure strongly suggests injury was not substantially certain); *Wehri v. Country Mark, Inc.*, 82 Ohio App. 3d 535, 538, 612 N.E.2d 791,

793-94 (1992) (showing of no prior accidents curtails plaintiff's intentional tort claim); *Gray v. Continental Alloy Steel Co.*, 70 Ohio App. 3d 425, 430, 591 N.E.2d 359, 362 (1990) (record devoid of evidence of knowledge of prior injuries); *Zink v. Owens-Corning Fiberglass Corp.*, 65 Ohio App. 3d 637, 643, 584 N.E.2d 1303, 1307-08 (1989) (lack of prior injuries negates the daunting standard of substantial certainty).

In this case, BWAY intends to demonstrate that it has an exemplary safety record when it comes to forklift operation. Indeed, there has been only one other accident involving a forklift striking a pedestrian in the last two decades. Ironically, that accident involved the Plaintiff, Henry Williams. Explanation of the facts surrounding that accident will illustrate the point that accidents do happen - even to those operators who are exercising the appropriate amount of caution. It will also illustrate the Court's point in *Van Fossen* that "[t]here are many acts within the business or manufacturing process which involve the existence of dangers." *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St. 3d 100, 522 N.E.2d 489 (1988). The fact that the prior accident happened while the Plaintiff was operating the forklift better illustrates the fact that accidents can happen to anyone.

As to the remaining issue, Plaintiff's opinion on Mr. Francia's operation of a forklift is highly relevant. Whether Plaintiff felt that Mr. Francia was a dangerous operator and whether Plaintiff felt his safety was at risk goes to first element in the intentional tort analysis. Plaintiff status as a forklift operator for many years also provides a more accurate opinion on the issue of safe operation since Plaintiff is better able to judge the operator's performance. Moreover, it is expected that Plaintiff will try to introduce opinions of Mr. Francia's co-workers on this issue. If these co-workers' opinions are allowed, then, in fairness, Plaintiff's opinion should be provided to the jury.

For the foregoing reasons, the motion in limine should be denied.

Respectfully submitted,

J. L. Sallee, Jr. (0030437)
David D. Black (0063715)
DINSMORE & SHOHL LLP
Suite 1900
255 East Fifth Street
Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax: (513) 977-8141

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served by ordinary U.S. Mail upon Plaintiff's attorneys, William P. Allen and Patrick W. Allen, CASPER & CASPER, One North Main Street, P.O. Box 510, Middletown, Ohio 45042, this 11th day of March, 2005.

David D. Black

#1126461